■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO P. PALLADINO, Appellant. [686 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 6, 1998, convicting him of sexual abuse in the first degree (two counts), sexual abuse in the second degree, and endangering the welfare of a child (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Harvey,* 175 AD2d 138). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Ritgers,* 158 AD2d 628).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.