This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 94
The People &c.,
          Respondent,
        v.
Steven Lashway,
          Appellant.

Marcy I. Flores, for appellant.
Nicholas J. Evanovich, for respondent.

PIGOTT, J.:

The issue on this appeal is whether County Court abused its discretion when denying defendant's request for an adjournment of his reclassification hearing of his risk level status under the Sex Offender Registration Act (SORA) (see Correction Law § 168-o).  Under the circumstances of this case,

- 1 -

we conclude County Court did not abuse its discretion.

Defendant was convicted in 1990 of three counts of rape in the second degree, perpetrated against an 11-year-old child while he was on parole for an earlier rape conviction. He was sentenced as a second felony offender to 10 1/2 to 21 years in prison. Prior to his release in 2004, defendant was adjudicated a risk level three sex offender under SORA (see Correction Law art 6-C). Defendant thereafter violated parole and was returned to prison.

In June 2010, while under civil confinement pursuant to Mental Hygiene Law article 10, defendant filed a petition under Correction Law § 168-o for a downward modification of his risk level. After receiving his petition, County Court solicited an updated recommendation from the New York State Board of Examiners of Sex Offenders (the Board) (see Correction Law § 168-o [3]).

The Board indicated by letter that it had reviewed a list of documents including, among other things, the original Risk Assessment Instrument and two emails: one from the Division of Parole dated July 21, 2010 and another from the Office of Attorney General dated July 22, 2010. The Board noted that defendant has been civilly confined pursuant to Mental Hygiene Law article 10, which information would have resulted in a presumptive level three designation under the SORA Risk Assessment Guidelines had it been available at the time of the initial SORA hearing, and that defendant had continued to "accrue

criminal convictions" and demonstrate violent behavior.  Thus, the Board did not recommend a reduction in his risk level classification.

County Court summarily denied defendant's modification request without conducting a hearing.  The Appellate Division held that defendant was entitled to a hearing and remitted to County Court for further proceedings (90 AD3d 1178, lv dismissed 18 NY3d 945 [2012]).

Upon request from County Court, the Board submitted another updated recommendation which simply attached its July 2010 recommendation, and stated that defendant had since incurred multiple tier two and tier three infractions and was unlikely to be released before his maximum incarceration date of March 31, 2014.  A reclassification hearing was scheduled.  Shortly before the hearing, counsel for defendant submitted a proposed Order to Show Cause why the Board should not be directed to deliver to County Court, on the date of the hearing, a copy of all of the documents that the Board listed in its July 2010 and March 2012 updated recommendations.  County Court signed the order.  The Board responded by providing most of the documents, but not the 2010 emails.

At the hearing, defendant's counsel requested an adjournment pending receipt of the missing documents, which County Court denied.  The hearing proceeded with defendant arguing that three factors warranted his downward departure:  he

had not committed a new sex offense in over 26 years; he completed programs during his incarceration; and he has medical issues. The People adduced evidence of multiple disciplinary actions that had been taken against defendant while in state custody. They further argued that, regardless of any scoring factors, because defendant has had two felony sex offenses, he qualified for a presumptive override and level 3 designation. County Court denied defendant's modification request, holding that he failed to establish by clear and convincing evidence that he was entitled to a downward modification.

The Appellate Division, with one Justice dissenting, affirmed (112 AD3d 1235 [3d Dept 2013]). As relevant to this appeal, the court rejected defendant's claim that County Court erred in denying his request for an adjournment (id. at 1237). The court noted that the Board's updated recommendation stated only that it "'reviewed'" the subject documents, and not that it relied upon them (id.). Even "more significantly," it stated, "County Court was not bound by the Board's recommendation as to whether to modify defendant's risk assessment level and there is no evidence -- nor does defendant argue -- that County Court was in possession of, let alone considered, the subject documents in making its determination" (id. at 1237-1238 [citations omitted]). Rather, County Court had denied the modification based on "the finding that defendant had a mental abnormality, his violation of parole, his assaultive behavior while in custody and the

presumptive override resulting from his prior felony conviction of a sex crime" (id. at 1238). Although the court recognized that defendant was entitled to discovery of the materials, it noted that "discovery is subject to certain limitations and the court has 'considerable discretion to supervise the discovery process'" (id., quoting Kropp v Town of Shandaken, 91 AD3d 1087, 1092 [3d Dept 2012]). The court concluded that County Court had not abused its discretion in declining to adjourn the hearing in light of defendant's "protracted delay" in requesting the documents (id. at 1238-1239). Furthermore, the majority disagreed with the dissent that the denial of the adjournment deprived defendant of due process, observing that "[d]ue process is 'a flexible concept' and a defendant's due process rights in [a reclassification] context are similar, but not identical, to the rights of a defendant in an initial risk assessment" (id. at 1239 [citations omitted]). In this case, the court held, "defendant was neither denied the ability to offer relevant materials in support of his application nor prevented from defending himself against any evidence or documentation relied upon by County Court in deciding such application" (id.).

Justice Spain dissented and voted to reverse the denial of defendant's application to modify his classification and remit for a hearing (see id. at 1239-1240). Justice Spain concluded that "defendant was deprived of due process of law by County Court's failure to abide [his] motion . . . for access to copies

of all of the records that the Board . . . reviewed and listed in making its updated recommendations" (id.). He reasoned that the recommendation of the Board, although not binding on the court, "in practice . . . is often among the most influential factors considered by a sentencing court" (id.). Thus, in the context of a reclassification proceeding in which the defendant has the burden of proof, "the defense will frequently focus its challenge on the underlying basis for the Board's adverse recommendation" (id.). According to the dissent, due process requires that a defendant be "afforded access -- through prehearing discovery -- to all material considered on or influencing his reclassification petition" (id.). Moreover, "[d]efendant's right to submit information relevant to the review of his reclassification request would, in many cases, be rendered meaningless if he were not entitled to review and address all materials considered by the Board" (id. [internal quotation marks and citation omitted]). In the dissent's view, County Court did not itself rely on the materials withheld; however, it did "expressly rely on the Board's recommendation, which did consider the materials" (id.). Although it could not be discerned whether the denial of the withheld material affected the reclassification determination, the dissent concluded that he could "not agree that the error was harmless or overlook the deleterious precedential value of an affirmance in this case" (id. at 1242).

        Defendant argues on this appeal that he was deprived of

due process of law when County Court failed to grant an adjournment so as to give him access to copies of all the records that the Board reviewed and listed in making its updated recommendation.

Correction Law § 168-o (2) permits a sex offender required to register under SORA to petition annually for modification of his risk level classification. The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence (see Correction Law § 168-o [2]). The court ultimately determines a petitioner's SORA risk level, and is not bound by the Board's recommendation, from which it may depart in considering the record (see Correction Law § 168-n [2], [3]). Where the hearing court's findings, expressly made under the proper evidentiary standard, are affirmed by the Appellate Division, this Court's review is limited to whether the decisions below are affected by an error of law or are otherwise not supported by the record.

In an initial risk-level determination, where the People carry the burden, the due process rights of a petitioner include, among other things, pre-hearing discovery (see Doe v Pataki, 3 F Supp 2d 456 [SD NY 1998]). Therefore, defense counsel is entitled by statute to pre-hearing access to the documents reviewed by the Board prior to his or her initial SORA determination. However, initial risk-level assessments and reclassification petitions by statute are different.

Section 168-o (4), applicable when a petitioner seeks modification of the risk level, does not contain any language entitling a petitioner to pre-hearing discovery, but simply provides that a petitioner has a right to submit "any information relevant to the review" (Correction Law § 169-o [2]). Further, the right to petition the sentencing court to be "relieved of any further duty to register" under Correction Law § 168-o (1) does not permit the court to review the correctness of the initial risk level determination (see Correction Law § 168-g [4]; People v David W. , 95 NY2d 130, 140 [2000]). While there are statutory differences in the two proceedings, we agree with defendant that the procedural due process rights, in regard to the requested documents, were the same. Thus, defendant was entitled to access to the documents.

Nonetheless, it is well-settled that the decision to grant an adjournment is a matter of discretion for the hearing court (People v Singleton, 41 NY2d 402, 405 [1977]). "When the protection of fundamental rights has been involved in requests for adjournments, that discretionary power has been more narrowly construed" (People v Spears, 64 NY2d 698, 700 [1984]). Under the circumstances of this case, it cannot be said the court abused its discretion as a matter of law in failing to adjourn the hearing to gather the two emails.

The record evidence is overwhelming in support of the denial of any modification. Defendant is a repeat sex offender

who has been found to have a mental abnormality and has continued to incur multiple infractions while incarcerated.  Given the strong case against modification, defendant was not prejudiced by the court's denial of an adjournment to obtain the documents (see People v Rodriguez, 102 AD3d 457, 457  [2013], affd. 21 NY3d 1030 [2013]).  Moreover, as the Appellate Division noted, defendant is entitled to make a new application for reclassification in a year (see Correction Law § 168-o [2]) and can obtain the documents by making a timely request.

        Accordingly, the order of the Appellate Division should be affirmed, without costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs.  Opinion by Judge Pigott.  Chief Judge Lippman and Judges Read, Rivera, Abdus-Salaam and Fahey concur.  Judge Stein took no part.

Decided June 11, 2015