# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**790**

**KA 14-02030**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

NATHANIEL WILLIS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (William F. Kocher, J.), entered August 13, 2014. The order affirmed an order of the Canandaigua City Court, which denied defendant's petition for a downward modification of his 2006 Sex Offender Registration Act classification.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant commenced this proceeding in Canandaigua City Court, seeking, pursuant to Correction Law § 168-o, a downward modification of his previously-imposed classification as a level three risk pursuant to the Sex Offender Registration Act ([SORA] § 168 *et seq.*). The court denied the petition and defendant appealed from that order in County Court. He now appeals from an order of County Court that affirmed City Court's order.

Initially, we note that "[a]n appeal may be taken to the appellate division as of right from an order of a county court . . . which determines an appeal from a judgment of a lower court" (CPLR 5703 [b]), and here County Court determined the appeal from an order of City Court, not a judgment. Nevertheless, "where[, as here,] the rights of the parties are for all practical purposes finally determined," we conclude that this appeal as of right pursuant to CPLR 5703 (b) is properly before us (*Highlands Ins. Co. v Maddena Constr. Co.*, 109 AD2d 1071, 1072; *see Hayes v City of Amsterdam*, 2 AD3d 1139, 1140; *Pigler v Adam, Meldrum & Anderson Co.*, 195 AD2d 1011, 1011).

Defendant failed to preserve for our review his contention that City Court erred in requiring that he establish his entitlement to a reduction of his risk level by clear and convincing evidence (*see generally People v Akinpelu*, 126 AD3d 1451, 1452; *People v Shepard*,

103 AD3d 1224, 1224, *lv denied* 21 NY3d 856).  In any event, that contention is without merit because, in a petition for a modification of a SORA risk level pursuant to section 168-o (2), defendant "bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (*People v Lashway*, __ NY3d ___, ___ [June 11, 2015]; *see People v David W.*, 95 NY2d 130, 140; *People v Grossman*, 85 AD3d 1632, 1632, *lv denied* 17 NY3d 708), and here defendant failed to meet that burden (*see People v McCollum*, 83 AD3d 1504, 1504-1505; *People v Cullen*, 79 AD3d 1677, 1677, *lv denied* 16 NY3d 709).

Finally, we reject defendant's contention that City Court failed to hold a hearing as required by Correction Law § 168-o (4).  To the contrary, that court conducted a hearing at which it admitted all evidence submitted by defendant.  Defendant failed to preserve for our review his further contention that a more extensive hearing was required (*see generally Cullen*, 79 AD3d at 1677).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court