This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 180
The People &c.,
            Respondent,
        v.
Jose Martinez Baxin,
            Appellant.


                Julia Busetti, for appellant.
                Brian R. Pouliot, for respondent.


LIPPMAN, Chief Judge:

        The issue presented by this appeal is whether

defendant's due process rights were violated when the hearing

court relied, in part, upon grand jury minutes that were not

disclosed to the defense in reaching defendant's Sex Offender

Registration Act (SORA) risk level determination.  We hold that

                            - 1 -

there was a due process violation, but that, given the overwhelming evidence which was disclosed to defendant in support of the same risk factor, the error was harmless.

Defendant was indicted for six counts of sodomy in the first degree, six counts of sexual abuse in the first degree and endangering the welfare of a child, based upon allegations that he had sexually abused his 10-year-old stepdaughter on at least three occasions. The abuse was alleged to have occurred between February 14, 2001 and February 28, 2001; between March 1, 2001 and March 15, 2001; and on or about April 8, 2001. In April 2009, defendant pleaded guilty to one count of sodomy, relating to conduct that had occurred in February 2001, in full satisfaction of the indictment.

In contemplation of defendant's release from incarceration, the Board of Examiners of Sex Offenders (Board) prepared a case summary and a risk assessment instrument, assigning defendant 85 points and recommending that he be adjudicated a level two sexually violent offender. As pertinent here, the Board assessed defendant 20 points under risk factor four for a continuing course of sexual misconduct. According to the case summary, "the instant offense occurred from February 2001 to April 2001" and there had been "several" incidents between defendant and the subject child.

At his risk level hearing, defendant objected to the assessment of points for a continuing course of sexual

misconduct, asserting that he had only pleaded guilty to a single count of sodomy and that the case summary did not provide the requisite clear and convincing evidence to support the imposition of points for that factor. The court reserved decision, but requested that the People provide a copy of the grand jury minutes.

Following the hearing, the People submitted the grand jury minutes, as well as a transcript of defendant's videotaped confession. The People did not disclose the grand jury minutes to defendant, however, stating their intention to do so only under court order. In the alternative, the People requested that if the court were to require disclosure, defense counsel be ordered to keep the minutes under seal and not to reproduce or disclose them.

In defendant's confession, he admitted to incidents occurring in February, March and April of 2001. Specifically, he related that he had masturbated in front of the victim on at least four occasions. He admitted that, on at least two occasions, he had the victim put her mouth on his penis. In addition, he stated that he had the victim place her hand on his penis. The record also contains the criminal court complaint, which includes the statement related to police by the victim, "that since the first week of February, 2001, defendant has masturbated in front of [victim] on several occasions, and [that] defendant made [victim] place her mouth on defendant's penis on

three occasions, the last occasion being April 8, 2001."

At the ensuing court appearance, Supreme Court assessed defendant 85 points and adjudicated him a level two sexually violent offender. The court found sufficient evidence, consisting of the grand jury minutes, the criminal court complaint and defendant's confession, to support the imposition of points for course of sexual misconduct. The court rejected defendant's argument that consideration of the grand jury minutes, which were not disclosed to the defense, should have been precluded.

The Appellate Division affirmed, concluding that there was no due process violation in Supreme Court's reliance, in part, on the grand jury minutes (see 116 AD3d 628 [1st Dept 2014]). The Court observed that the grand jury minutes were cumulative to other evidence that had been disclosed to defendant and that he had failed to establish prejudice. This Court granted defendant leave to appeal (24 NY3d 905 [2014]), and we now affirm, albeit on a different ground.

It is well established that sex offenders are entitled to certain due process protections at their risk level classification proceedings (see People v Lashway, 25 NY3d 478 [2015]; People v David W., 95 NY2d 130 [2000]; Doe v Pataki, 3 F Supp 2d 456 [SD NY 1998]). Doe, for example, recognized that, although "the due process protections required for a risk level classification proceeding are not as extensive as those required

in a plenary criminal or civil trial . . . the consequences of registration and notification under the Act are sufficiently serious to warrant more than mere summary process" (Doe, 3 F Supp 2d at 470 [internal quotation marks and citation omitted]). Accordingly, that court held that in order to satisfy due process concerns, the offender must be afforded prehearing discovery of the documentary evidence relating to his or her proposed risk level adjudication (see Doe, 3 F Supp 2d at 472).

Likewise, we have observed that "[t]he bedrock of due process is notice and opportunity to be heard" (David W., 95 NY2d at 138, citing Mathews v Eldridge, 424 US 319, 333 [1976]). In that case, we held that the defendant was not accorded a meaningful opportunity to contest his SORA risk level where he was not provided notice that the risk level was being determined or what materials would be relied on in making the determination, and was not permitted to raise objections to the State's evidence against him (see David W., 95 NY2d at 138). We concluded that the procedures in place were insufficient to prevent an erroneous deprivation of the defendant's liberty interest (see David W., 95 NY2d at 138; Mathews, 424 US at 335).

In keeping with our precedent, the Correction Law requires that defendant is entitled to prehearing access to the documents relied upon by the Board in reaching a risk level recommendation (see Correction Law § 168-n [3]; People v Lashway, 25 NY3d at 483). Although the statute may not expressly state

that defendant is likewise entitled to any materials submitted by the District Attorney in meeting its burden of establishing the facts supporting a risk level determination by clear and convincing evidence, the same due process concerns are presented in that context.  Moreover, broad disclosure is consistent with Doe's recognition that an offender should be accorded discovery "of all papers, documents and other material relating to his proposed level and manner of notification" (3 F Supp 2d at 472).

Defendant maintains that he was deprived of due process when the hearing court relied on the grand jury minutes in determining his risk level without disclosing those minutes to the defense.  The People raise several arguments in opposition, pointing out the State's general policy of keeping grand jury proceedings secret in the absence of a compelling and particularized need for disclosure and observing that a SORA defendant does not have the right to confront his or her victim and thus cannot use the grand jury minutes to attempt to exploit any prior inconsistent statements.

The absence of disclosure, however, means that defendant simply cannot formulate any meaningful argument against one that the prosecutor postulates is supported by the minutes. And, while there are good reasons for keeping grand jury minutes confidential in the abstract, many of the arguments usually put forth in support of secrecy have much less force in this postconviction context.  There is no concern that defendant will

flee, that witnesses will be tampered with or that there will be interference with the process of the grand jury (see People v DiNapoli, 27 NY2d 229, 235 [1970]).  The possibility of deterring future witnesses from providing grand jury testimony may exist, but is less pressing here, where the possibility of disclosure arises many years after the indictment and conviction, and where the testimony is being used as evidence in chief against the defendant in support of his adjudication as a sex offender.

Given that defendant is entitled to broad discovery of the evidence that is used against him in order to be able to defend himself, we hold that the failure to disclose the grand jury minutes was a due process violation.  This is not to say that grand jury minutes must be disclosed to the defendant in every SORA proceeding as a matter of course.  It remains within the hearing court's discretion to limit the release of such minutes (see People v Robinson, 98 NY2d 755, 756 [2002]).  Indeed, as the People had suggested in this matter, defense counsel can be instructed to keep the minutes under seal.  But, in determining whether due process requires disclosure, courts should keep in mind that the use of the minutes against a defendant for SORA purposes presents a very strong countervailing interest in support of disclosure.

The error here, however, was harmless (see e.g. People v Lashway, 25 NY3d 478, [2015]).  There was overwhelming, unchallenged evidence in the form of the case summary, the

criminal court complaint and defendant's own confession, which provided the requisite clear and convincing evidence supporting the assessment of points for a course of sexual misconduct and which had been properly disclosed to defendant.

Defendant's remaining contention is without merit.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs.  Opinion by Chief Judge Lippman. Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided October 15, 2015