██ The People of the State of New York, Respondent, v Mauro Palladino, Appellant. [26 NYS3d 874]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 30, 2014, which, after a hearing, denied his motion pursuant to Correction Law § 168-o (2) for a modification of his risk level classification under Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, after a jury trial, of two counts of sexual abuse in the first degree, sexual abuse in the second degree, and five counts of endangering the welfare of a child (*see People v Palladino,* 260 AD2d 506 [1999]). After serving a term of imprisonment, the defendant was designated a level three sex offender pursuant to Correction Law article 6-C (*see People v Palladino,* 46 AD3d 864 [2007]). The defendant subsequently moved, pursuant to Correction Law § 168-o (2), for a modification of his risk level classification from level three to level two. The County Court denied the defendant's motion, and we affirm.

Correction Law § 168-o (2) permits a sex offender required to register pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) to petition annually for modification of his risk level classification (*see People v Lashway*, 25 NY3d 478, 483 [2015]; *People v Wyatt*, 89 AD3d 112, 125 [2011]). "The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (*People v Lashway*, 25 NY3d at 483; *see* Correction Law § 168-o [2]; *People v Wyatt*, 89 AD3d at 125).

Here, the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification (*see People v Johnson*, 124 AD3d 495, 496 [2015]; *People v McFarland*, 120 AD3d 1121, 1121 [2014]; *People v Wright*, 78 AD3d 1437, 1438 [2010]; *see generally People v Willis*, 130 AD3d 1470, 1471 [2015]; *People v McCollum*, 83 AD3d 1504, 1504-1505 [2011]; *People v Cullen*, 79 AD3d 1677, 1677 [2010]; *People v Higgins*, 55 AD3d 1303, 1303 [2008]). Accordingly, the County Court properly denied his motion. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.