THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAYDEN, Appellant. [40 NYS3d 917]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated May 30, 2013, which, after a hearing, denied his application pursuant to Correction Law § 168-o (2) for a modification of his risk level classification under Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

On May 31, 2000, the defendant was convicted of one count of rape in the third degree, and sentenced to a term of five years probation. At that time, the defendant was also designated a level three sex offender pursuant to Correction Law article 6-C. In 2012, the defendant made an application pursuant to Correction Law § 168-o (2) for a modification of his risk classification from level three to level one. The Supreme Court denied the defendant's application, and we affirm.

Correction Law § 168-o (2) permits a sex offender required to register pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) to petition annually for modification of his risk level classification (*see People v Lashway*, 25 NY3d 478, 483 [2015]; *People v Palladino*, 137 AD3d 1098 [2016]; *People v Wyatt*, 89 AD3d 112, 125 [2011]). "The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (*People v Lashway*, 25 NY3d at 483; *see* Correction Law § 168-o [2]; *People v Wyatt*, 89 AD3d at 125).

Here, the defendant failed to establish, by clear and convinc-

ing evidence, facts warranting a modification of his existing risk level classification (*see People v Palladino*, 137 AD3d at 1099; *People v Johnson*, 124 AD3d 495, 496 [2015]; *People v McFarland*, 120 AD3d 1121, 1121 [2014]; *People v Wright*, 78 AD3d 1437, 1438 [2010]). Accordingly, the Supreme Court properly denied his application. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.