■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIREL M. McCLINTON, Appellant. [61 NYS3d 57]—

Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated July 18, 2016, which granted his petition pursuant to Correction Law § 168-o (2) for a modification of his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.

Ordered that the order is affirmed, without costs or disbursements.

In 1996, the defendant was designated a level three sex offender pursuant to Correction Law article 6-C, upon his conviction of one count of sexual abuse in the first degree in connection with an incident where he forcibly raped the complaining witness multiple times at gunpoint. In 2015, the defendant petitioned, pursuant to Correction Law § 168-o (2), for a modification of his risk classification from level three to level one. In an order dated July 18, 2016, the County Court granted

the defendant's petition only to the extent of designating him a level two sex offender. We affirm.

"Any sex offender required to register or verify . . . may petition . . . the court which made the determination regarding the level of notification for an order modifying the level of notification" (Correction Law § 168-o [2]; *see People v Lashway*, 25 NY3d 478, 483 [2015]; *People v Hayden*, 144 AD3d 1010, 1010 [2016]; *People v Palladino*, 137 AD3d 1098, 1099 [2016]). Such a petition "shall set forth the level of notification sought, together with the reasons for seeking such determination" (Correction Law § 168-o [2]). "The sex offender shall bear the burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o [2]; *see People v Lashway*, 25 NY3d at 483; *People v Hayden*, 144 AD3d at 1010; *People v Palladino*, 137 AD3d at 1099).

"Upon receipt of a petition [for a modification] the court shall forward a copy of the petition to the [Board of Examiners of Sex Offenders (hereinafter the Board)] and request an updated recommendation pertaining to the sex offender and shall provide a copy of the petition to the other party" (Correction Law § 168-o [4]). "Upon request by the court . . . the board shall provide an updated report pertaining to the sex offender petitioning . . . for a modification of his or her level of notification" (Correction Law § 168-l [7]). "After reviewing the recommendation received from the board and any relevant materials and evidence submitted by the sex offender and the district attorney, the court may grant or deny the petition" (Correction Law § 168-o [4]). "The court ultimately determines a petitioner's SORA risk level, and is not bound by the Board's recommendation, from which it may depart in considering the record" (*People v Lashway*, 25 NY3d at 483, citing Correction Law § 168-n [2], [3]).

The defendant contends that he was deprived of his right to due process when the prosecutor failed to adequately comply with his request for disclosure of all the evidence and other materials considered by the Board in connection with its recommendation on his modification petition (*see People v Baxin*, 26 NY3d 6, 10-11 [2015]; *People v Lashway*, 25 NY3d at 484; *People v David W.*, 95 NY2d 130, 138-140 [2000]; *see also Doe v Pataki*, 3 F Supp 2d 456, 472 [1998]). However, the defendant explicitly agreed to the determination of his petition on the record as it existed, without requesting an adjournment for time to obtain these additional materials or seeking other relief (*see People v Rodriguez*, 21 NY3d 1030, 1031 [2013]; *see generally K-F/X Rentals & Equip., LLC v FC Yonkers Assoc., LLC*,

131 AD3d 945, 946 [2015]; *Iscowitz v County of Suffolk*, 54 AD3d 725, 725 [2008]). Under the circumstances of this case, any error in failing to disclose certain materials was harmless (*see People v Baxin*, 26 NY3d at 10-11; *People v Lashway*, 25 NY3d at 484).

The defendant is correct that he was deprived of his right to due process when the County Court considered the prosecutor's July 15, 2016, letter to the County Court in connection with its determination of the defendant's petition, without first affording him notice of the letter or an opportunity to respond to the arguments advanced therein (*see People v Baxin*, 26 NY3d at 10; *People v David W.*, 95 NY2d at 138; *see also Doe v Pataki*, 3 F Supp 2d at 472). However, the County Court's error in considering that letter was harmless under the particular circumstances of this case (*see generally People v Baxin*, 26 NY3d at 10-11; *People v Lashway*, 25 NY3d at 484).

Contrary to the defendant's contention, the County Court's conclusion that the defendant failed to successfully complete a sex offender treatment program in the 23 years since the underlying offense was supported by the record, and the County Court was not bound by the People's position on this matter (*see generally* Correction Law § 168-o [2]; *People v Lashway*, 25 NY3d at 483). Furthermore, the record otherwise supports the County Court's determination that the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification to risk level one, and we decline to disturb it (*see generally People v Hayden*, 144 AD3d at 1010; *People v Palladino*, 137 AD3d at 1099; *People v McFarland*, 120 AD3d 1121, 1121-1122 [2014]; *People v Wright*, 78 AD3d 1437, 1438 [2010]; *accord People v Abdullah*, 31 AD3d 515, 516 [2006]). Chambers, J.P., Miller, Barros and Connolly, JJ., concur.