People v Springs (2018 NY Slip Op 04580)





People v Springs


2018 NY Slip Op 04580


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-02567

[*1]People of State of New York, respondent,
v
Robert Springs, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated January 12, 2017, which denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2002, in the Commonwealth of Virginia, the defendant was convicted of a sex offense requiring that he register in that jurisdiction as a felony sex offender. In or about 2011, after serving the sentence imposed by the Circuit Court of the City of Norfolk, Virginia, the defendant relocated to Suffolk County and was required to register as a sex offender in the State of New York (see Correction Law §§ 168-a, 168-k). In April 2012, a risk level assessment hearing was conducted in the County Court, Suffolk County, pursuant to Correction Law article 6-C, after which the defendant was designated a level two sex offender. In October 2016, the defendant petitioned pursuant to Correction Law § 168-o(2) for a modification of his risk classification from level two to level one. In support of the petition, the defendant submitted the affirmation of his attorney and several letters from family members and friends attesting to his good character. In an order dated January 12, 2017, the County Court denied the petition. The defendant appeals.
Pursuant to Correction Law § 168-o(2), a sex offender required to register under the Sex Offender Registration Act (Correction Law § 168 et seq.) is permitted to petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483; People v Smith, 154 AD3d 890). The sex offender "bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (People v Lashway, 25 NY3d at 483; see Correction Law § 168-o[2]; People v Hayden, 144 AD3d 1010). Here, the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification (see People v Smith, 154 AD3d at 891; People v Palladino, 137 AD3d 1098; People v McFarland, 120 AD3d 1121; People v Wright, 78 AD3d 1437). Accordingly, we agree with the County Court's determination to deny the defendant's petition.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court