People v Shaljamin (2018 NY Slip Op 06214)





People v Shaljamin


2018 NY Slip Op 06214


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7121 810/94

[*1]The People of the State of New York Respondent,
v
Niki Shaljamin, Defendant-Appellant.


Law Office of Bernard V. Kleinman, PLLC, Somers (Bernard V. Kleinman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Order, Supreme Court, New York County (Stephen M. Antignani, J.), entered on or about October 13, 2017, which denied defendant's Correction Law § 168-o(2) petition to modify his sex offender classification or terminate sex offender registration, unanimously affirmed, without costs.
We conclude that the order is appealable under the general principles relating to civil appeals contained in CPLR 5701(a), and that nothing in the Correction Law is to the contrary (see People v Charles, 162 AD3d 125, 133-140 [2d Dept 2018]).
However, we find that the court providently exercised its discretion in denying a modification of defendant's level two classification. Defendant failed to establish by clear and convincing evidence a basis for a modification (see People v Lashway, 25 NY3d 478 [2015]; People v Lopez, 154 AD3d 531 [1st Dept 2017]). The mitigating factors cited by defendant, such as his law abiding life extending over a long period of time, do not outweigh the seriousness of the underlying crimes, and the letters of recommendation submitted on his behalf indicate that the writers were unfamiliar with these crimes and their seriousness. Furthermore, defendant did not submit any documentation showing that he had completed sex offender treatment, or any type of safety planning while he worked as a superintendent of a building, a position similar to the one he held at the time of the offenses.
We have considered and rejected defendant's procedural arguments concerning the manner in which the court made its determination. Defendant received an ample opportunity to be heard, and the matter was capable of being determined on the parties' submissions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK