People v Perry (2018 NY Slip Op 06580)





People v Perry


2018 NY Slip Op 06580


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-06889

[*1]People of State of New York, respondent,
v
William Perry, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Neil Jon Firetog, J.), dated June 8, 2016, which, after a hearing, granted his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant petitioned pursuant to Correction Law § 168-o(2) to modify his risk classification under the Sex Offender Registration Act (see Correction Law art 6-C) from level three to level one. In the order appealed from, the Supreme Court granted the defendant's petition only to the extent of designating him a level two sex offender. The defendant appeals.
Contrary to the People's contention, the defendant may appeal as of right from the order (see CPLR 5701[1]; People v Charles, 162 AD3d 125; People v Willis, 130 AD3d 1470, 1471).
The defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification to risk level one (see People v Smith, 154 AD3d 890, 891; People v McClinton, 153 AD3d 738, 740; People v Hayden, 144 AD3d 1010, 1010-1011). Accordingly, we agree with the Supreme Court's determination granting the defendant's petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court