People v Pritchett (2019 NY Slip Op 00481)





People v Pritchett


2019 NY Slip Op 00481


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-00237

[*1]People of State of New York, respondent,
v
Ashley Pritchett, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Timothy McGrath of counsel; Tatiana N. Galbrecht on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ronald D. Hollie, J.), dated December 18, 2017, which denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2010, the defendant was designated a level two sex offender pursuant to Correction Law article 6-C. In March 2017, the defendant petitioned pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification from level two to level one. In an order dated December 18, 2017, the Supreme Court denied the defendant's petition. The defendant appeals.
"Pursuant to Correction Law § 168-o(2), a sex offender required to register under the Sex Offender Registration Act (Correction Law § 168 et seq.) is permitted to petition annually for modification of his or her risk level classification" (People v Springs, 162 AD3d 917, 918; see People v Lashway, 25 NY3d 478, 483). "The sex offender bears the burden of proving the facts supporting a requested modification by clear and convincing evidence'" (People v Springs, 162 AD3d at 918, quoting People v Lashway, 25 NY3d at 483; see Correction Law § 168-o[2]). Here, the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification (see People v Springs, 162 AD3d at 918; People v McClinton, 153 AD3d 738, 740; People v Hayden, 144 AD3d 1010).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's denial of the defendant's petition.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court