People v Krahmalni (2019 NY Slip Op 01644)





People v Krahmalni


2019 NY Slip Op 01644


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8608 2030/15

[*1]The People of the State of New York, Respondent,
v
Alex Krahmalni, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about August 9, 2016, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for relationship with the victim, because the People established by clear and convincing evidence that defendant, who was 39 years old, established a relationship with the 14-year-old victim for the purpose of victimization (see e.g. People v Tejada, 51 AD3d 472 [1st Dept 2008]). The evidence showed that defendant met the victim online, knew her to be underage, misrepresented his own age, asked her if she was a virgin and initiated sexual activity immediately upon meeting her in person. Notwithstanding the facts that defendant's electronic communications with the victim were generally about nonsexual topics such as music and that the only sexual reference was defendant's inquiry about virginity, and regardless of the precise frequency or duration of the communications, there is no possible innocent explanation for defendant's attempt to get to know the victim.
The court's denial of defendant's request for disclosure of his electronic communications with the victim does not require a new risk level adjudication. Although these materials were relevant to defendant's relationship with the victim, they were not presented to or relied upon by the Board of Examiners of Sex Offenders or the court. Accordingly, these materials did not fall within the category where disclosure is required as a matter of law (see People v Baxin, 26 NY3d 6, 10-11 [2015]), and we find that the court providently exercised its discretion in denying defendant's request. This material would have had little or no value to defendant, because it was already undisputed that, as previously discussed, most of his communications with the victim were nonsexual. Moreover, as a party to the communications, defendant was not prejudiced by the failure to disclose them, because he was aware of their contents. In any event, any error in failing to order disclosure of the requested documents was harmless (see Baxin, 26 NY3d at 11-12; People v Lashway, 25 NY3d 478, 484 [2015]; People v Wells, 138 AD3d 947, 952 [2d Dept 2016], lv denied 28 NY3d 902 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK