People v Harris (2019 NY Slip Op 03634)





People v Harris


2019 NY Slip Op 03634


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-01656

[*1]People of State of New York, respondent,
v
Gerald A. Harris, appellant.


Janet E. Sabel, New York, NY (Steven J. Miraglia), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated February 3, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2008, the defendant pleaded guilty to transporting child pornography in interstate or foreign commerce (two counts) in violation of 18 USC § 2252A(a)(1) before the United States District Court for the Southern District of New York (hereinafter the federal court).
In February 2016, the Supreme Court, Kings County, held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), and determined that the defendant was a presumptive level two sex offender based on the defendant's total score on the risk assessment instrument (hereinafter the RAI). The defendant does not challenge the score on the RAI. However, the court granted the People's application for an upward departure from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.
The defendant's contention that he was deprived of his right to due process because the People purportedly did not provide the defense with a copy of the entire probation report that was submitted to the federal court is without merit. There is no indication that, during or in connection with the defendant's SORA proceeding, the People or the Supreme Court relied upon the subject report that may have been submitted to the federal court (see generally People v Baxin, 26 NY3d 6, 10; People v McClinton, 153 AD3d 738, 740).
We agree with the Supreme Court's determination granting the People's application for an upward departure and designating the defendant a level three sex offender. The People sustained their burden of proving by clear and convincing evidence that certain aggravating factors were not adequately taken into account by the RAI and that these factors tended to establish a higher likelihood of reoffense or danger to the community. Among other things, the record demonstrated that over a period of approximately three weeks, the defendant engaged in electronic communications with an undercover police officer who was posing as a mother with two minor [*2]children, and that during those communications, the defendant gave explicit descriptions of sexual acts he sought to engage in with the two children, arranged to meet with the children and their mother, and actually traveled to the designated meeting place at the prescribed time (see People v Widom, 143 AD3d 688, 689; People v DeDona, 102 AD3d 58, 68-69). Accordingly, the court providently exercised its discretion in granting the People's application for an upward departure to risk level three.
The defendant's contention that an upward departure is not warranted because of certain allegedly mitigating factors is unpreserved for appellate review and, in any event, without merit (see People v Davis, 166 AD3d 820).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court