People v Alvarez (2020 NY Slip Op 01651)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Alvarez

2020 NY Slip Op 01651

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-13468

[*1]People of State of New York, respondent,
vTodd Alvarez, appellant. Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Rosenblum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 15, 2017, which, after a hearing, granted his motion pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
ORDERED that the order is affirmed, without costs or disbursements.
In 1983, the defendant pleaded guilty to, among other crimes, rape in the first degree (two counts) and assault in the second degree. After serving a term of imprisonment, the defendant was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA). In 2016, the defendant moved pursuant to Correction Law § 168-o(2) to modify his risk level classification from level three to level one. Following a hearing, the Supreme Court granted the defendant's motion to the extent of designating him a level two sex offender. The defendant appeals.
Correction Law § 168-o(2) permits a sex offender required to register pursuant to SORA to petition annually to modify his or her risk level classification (see People v Lashway, 25 NY3d 478, 483; People v Palladino, 137 AD3d 1098, 1099). "The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (People v Lashway, 25 NY3d at 483; see Correction Law § 168-o[2]; People v Hayden, 144 AD3d 1010).
Here, the defendant failed to establish that he ever participated in any sex offender treatment program (see People v Shaljamin, 164 AD3d 1169; People v McClinton, 153 AD3d 738, 740). Furthermore, the record supports the Supreme Court's determination that the defendant failed to otherwise establish, by clear and convincing evidence, facts warranting a modification of his existing risk level classification to risk level one (see People v Shaljamin, 164 AD3d at 1169; People v McClinton, 153 AD3d at 740; People v Hayden, 144 AD3d at 1010-1011). Accordingly, we decline to disturb the court's determination.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court