People v Johns (2021 NY Slip Op 06449)





People v Johns


2021 NY Slip Op 06449


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Ind No. 130/81 Appeal No. 14632 Case No. 2019-1222 

[*1]The People of the State of New York, Respondent,
v
Delano Johns, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ellen Dille of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about July 29, 2016, which denied defendant's Correction Law § 168-o (2) petition to modify his sex offender classification, unanimously affirmed, without costs.
We have previously held that an order denying the modification of sex offender classification is appealable under the general principles relating to civil appeals contained in CPLR 5701 (a) (People v Shaljamin, 164 AD3d 1169 [1st Dept 2018]). We decline to revisit this holding.
The court providently exercised its discretion when it declined to grant a downward modification of defendant's level three classification (see People v Lashway, 25 NY3d 478 [2015]). Notwithstanding his significant progress, defendant, who had committed a horrific rape and assault, had, as of the filing of the petition, been on parole supervision for only slightly more than four years (see People v Bernstein, 187 AD3d 607 [1st Dept 2020], lv denied 36 NY3d 905 [2021]; People v Greene, 177 AD3d 536 [1st Dept 2019], lv denied 35 NY3d 903 [2020]). This was an insufficient passage of time to reliably predict defendant's risk of reoffense.
Finally, the Static-99R evaluation presented by defendant has only limited value because it fails to account for the seriousness of an offender's crime or the harm that could be inflicted in the event of reoffense (see People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021