People v Lopez (2021 NY Slip Op 06963)





People v Lopez


2021 NY Slip Op 06963


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Ind. No. 966/91 Appeal No. 14830 Case No. 2019-2898 

[*1]The People of the State of New York, Respondent,
v
Angel Lopez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 8, 2019, which denied defendant's Correction Law 168-o (2) petition to modify his sex offender classification to level two, unanimously affirmed, without costs.
The court providently exercised its discretion in denying a modification of defendant's level three classification, because defendant failed to establish by clear and convincing evidence the requisite basis (see generally People v Lashway, 25 NY3d 478 [2015]). While defendant has not been arrested or convicted of a sex crime in more than 30 years, he was convicted of two felonies and numerous misdemeanors during that period. Most of defendant's offenses involved violent conduct. A particularly disturbing aspect of his criminal record is the fact that he was convicted of criminal obstruction of breathing or blood circulation (Penal Law § 121.11) in both 2012 and 2016. Defendant's criminal history reflects an "inability to control his behavior" (People v McCormick, 129 AD3d 644 [1st Dept 2015], lv denied 26 NY3d 908 [2015]) notwithstanding the absence of sex crimes. Further, any considerations weighing in favor of a modification are outweighed by the seriousness and nature of defendant's underlying sex crime.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021