People v Holley (2024 NY Slip Op 05228)

People v Holley

2024 NY Slip Op 05228

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04626

[*1]The People of the State of New York, respondent,
v
Daryl Holley, appellant. 

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Thomas Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 28, 2023, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1995, the defendant was convicted of rape in the first degree for conduct involving his 7½-year-old stepdaughter. Prior to his initial release from prison in 1997, the defendant was designated a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In August 2022, the defendant filed a petition pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification from level two to level one. Following a hearing, the County Court denied the petition. The defendant appeals.
"Correction Law § 168-o(2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification" (People v Lashway, 25 NY3d 478, 483; see People v Wiggins, 180 AD3d 820, 821). "'[T]he sex offender shall bear the burden of proving the facts supporting [a] requested modification by clear and convincing evidence'" (People v Davis, 179 AD3d 183, 187, quoting Correction Law § 168-o[2]; see People v Springs, 162 AD3d 917). "[T]he relevant inquiry regarding Correction Law § 168-o(2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Davis, 179 AD3d at 187 [internal quotation marks omitted]).
Here, the record supports the County Court's conclusion that the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his risk level classification from level two to level one (see People v Lashway, 25 NY3d 478; People v Springs, 162 AD3d 917). The defendant submitted evidence that he was 60 years old at the time of the hearing and had not been arrested or convicted of a sex offense since 1995, completed substance abuse treatment in 2015 and again in 2022, completed sex offender treatment in 2022, and was employed and in a stable relationship. Notwithstanding this evidence, the record shows that the defendant violated parole for the underlying sex offense and was returned to custody in 1999, was convicted of various felony drug-related offenses in 2008 and sentenced to 18 years in prison, was still on parole supervision when he filed the petition, and had only been released from parole [*2]supervision two months prior to the hearing. Under these circumstances, the court properly denied the petition (see People v Shader, 217 AD3d 1040, lv granted 40 NY3d 909; People v Springs, 162 AD3d 917).
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court