People v Ferguson (2025 NY Slip Op 50985(U))

[*1]

People v Ferguson

2025 NY Slip Op 50985(U)

Decided on June 12, 2025

County Court, Orange County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
County Court, Orange County

People of the State of New York,

against
Barry Ferguson, Defendant.

Ind. No. 1991-590

Jacob Johnson, Esq.
Attorney for Sex Offender
27 Hawthorne Avenue
Warwick, New York 10990
Barry Ferguson
ORANGE COUNTY DISTRICT ATTORNEY
Assistant District Attorney
255 Main Street
Goshen, New York 10924

Craig Stephen Brown, J.

Barry Ferguson seeks an Order for a modification of his registration level under the Sex Offender Registration Act ("SORA"). His application is for a downward modification pursuant to Correction Law § 168-o (2), which permits a sex offender who is required to register under SORA (Correction Law § 168 et seq.) to petition annually for a modification of his risk level classification (see People v. Davis, 179 AD3d 183 [2nd Dept. 2019]).
Upon receipt of the sex offender's motion for a downward modification, this Court assigned counsel to the sex offender and requested and obtained an updated recommendation from the New York State Board of Examiners of Sex Offenders ("the Board").[FN1]
 The Court provided copies of the Board's updated recommendation to the sex offender and to the People and scheduled a hearing to afford the parties an opportunity to present evidence and to be heard with respect to the application. The sex offender was represented by Jacob Johnson, Esq., [*2]however the offender failed to appear for the hearing, and his counsel consented to waive the hearing and permit the Court to decide the application on the documents submitted in support thereof.
The sex offender submitted the following documents in support of his application: a letter from 2010 from Dr. Thomas F. Hopkins, which included the doctor's scoring of the Risk Assessment Instrument (RAI); the Commonwealth of Massachusetts Sex Offender Registry Board Sex Offender Treatment Status Report from 2010; the Functional Capacity Questionnaire for Psychiatric Disorders from 2009; a letter from Anaelisa Jacobson, LCSW; and a research article from 2017, opining on reductions in the risk of sex offenders. The sex offender argues that "changes have occurred in [his] life since the initial classification process such that [his] risk of a repeat offense and the threat to public safety is less than previously determined by the Court."[FN2]

The Board submitted a letter wherein they recommended the sex offender's application for a downward departure be granted. The conviction, which is the basis for the registration, was for the offender digitally penetrating his 7-year-old cousin's vagina while other family members were in close proximity. At DOCCS reception, he denied guilt. The sex offender has a previous misdemeanor conviction for which he was sentenced to probation, which was revoked. He has an additional misdemeanor conviction for DWI. His only prior felony conviction was for Robbery in the Third Degree where he was sentenced to state prison. After serving his state prison sentence, he was released to parole supervision, but he committed the instant offense less than a month after his release and his parole was revoked. The sex offender's only subsequent criminal conviction was in 2005 for a Failure to Register, as a misdemeanor, however, a review of the New York State Registry reveals the sex offender received notifications for his failing to register in 8 separate years.[FN3]
 He also failed to successfully complete sex offender treatment while confined.
The District Attorney submitted an Affirmation in Opposition to the application. It noted the sex offender initially was designated as a level 3 sex offender upon his release from state prison, and that this Court (Berry, J.) already reduced the designation to a level 2 in November, 2006. The People assert that the materials submitted by the sex offender are insufficient for him to sustain his burden and that a downward reduction should be the exception, rather than the rule (citing Davis, supra at 190). They reasoned that materials submitted in support of the application are stale - the letter from his psychologist is from 2010, nearly 15 years ago, as is the treatment status report. Further, the report does not contain any specific details regarding treatment and it identifies that the sex offender is continuing to experience difficulties in maintaining social functioning, responding appropriately to co-workers and performing tasks in a work setting. There is no mention of any specific measures he has taken to reduce the likelihood of re-offending. Finally, the offender's repeated failures to register in violation of his SORA obligations reflect a willful refusal to take his condition or his registration obligations seriously. While there is a reference to him having muscular dystrophy in his 1993 parole hearing, there are [*3]no medical records or doctor reports reflecting if or how the purported medical condition affects his likelihood of recidivism.
While The Board recommends this Court grant the instant application, the court is responsible for the ultimate determination of a petitioner's SORA risk level, and is not bound by the Board's recommendation, from which it may depart "in considering the record" (see People v Lashway, 25 NY3d at 483, citing Correction Law § 168-n [2], [3]). The sex offender bears the burden of proving facts which support the requested modification by "clear and convincing evidence" (id.; see People v Lashway, 25 NY3d 478, 483 [2015]). The relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification of the previously determined level (see People v. Davis, 179 AD3d 183, 187). An individualized approach is necessary to properly and fairly evaluate applications for those seeking modifications in the classification of the sex offender's designated risk level (id at 188).
While the sex offender did enter a plea of guilty, upon his entry into state prison he denied his guilt. He then took a timely appeal from his conviction, seeking to challenge his conviction, however, after reviewing the record the Appellate Division agreed with the sex offender's assigned counsel and determined that there were no non-frivolous issues which could be raised on appeal (People v. Ferguson, 192 AD2d 672 [2nd Dept. 1993]). These factors, coupled with the fact that the sex offender did not successfully complete sex offender treatment while confined, are indicative of the offender not accepting responsibility for his sex offense. Additionally, the materials submitted in support of his instant application are stale and fail to demonstrate his current risk of recidivism justifies a modification to level one, which would essentially alleviate the necessity for him to register.[FN4]
 While the Court recognizes that the materials submitted by the sex offender are subsequent to the Court's most recent risk level determination, those materials are over a decade old. The offender did not successfully complete sex offender treatment while confined, and there is no evidence he has successfully completed any sex offender treatment programs since his release. There is a history of failures to comply with both probation and parole, as well as failures to comply with his SORA registration requirements.
Whether a sex offender has properly complied with his SORA registration requirements is a relevant factor for this Court to consider (People v. Anthony, 171 AD3d 1412 [3rd Dept. 2019]). This sex offender has received notifications for his failing to register in 8 separate years. He received three such notifications in 2000, 2002, 2004, prior to his criminal conviction for failing to register in 2005. He further received three such notifications in 2020, 2021 & 2022, just prior to him submitting the instant application in 2023.
The sex offender has failed to demonstrate facts which support the requested modification by "clear and convincing evidence." His consistent failure to accept responsibility for the crime he committed, coupled with his failure to successfully complete sex offender treatment when considered in conjunction with his failure to comply with his registration requirements cannot be overcome by the decade old records he submitted. These facts do not establish that conditions [*4]have changed subsequent to the initial risk level determination warranting a modification of the previously determined level. As such, his application for modification is denied.
The aforesaid constitutes the Decision and Order of the Court.
Dated: June 12, 2025
Goshen, New York E N T E R
HON. CRAIG STEPHEN BROWN
COUNTY COURT JUDGE

Footnotes

Footnote 1: As required pursuant to Correction Law § 168-o [4]. 

Footnote 2:The sex offender 's submission was notarized, but was not sworn under the penalties of perjury.

Footnote 3:Annual Verification Failure Notifications were received by him in 1997, 2000, 2002, 2004, 2010, 2020, 2021 & 2022. 

Footnote 4:A reduction to level 1 would wholly relieve him of the duty to register [Corrections Law § 168-h(1)].