■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WOODS, Appellant. [846 NYS2d 112]—

Order, Supreme Court, New York County (Ruth L. Sussman, J.), entered on or about February 10, 2005, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point

score to support a level three sex offender adjudication. The risk factors at issue were supported by reliable evidence (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]), and we have considered and rejected defendant's arguments as to each factor at issue.

In any event, the record also supports the court's alternative finding that defendant should be adjudicated a level three sex offender based upon the override for a recent threat to reoffend by committing a sexual or violent crime. Although defendant's recent case was still pending at the time of the sex offender adjudication, the court did not rely on the fact of the arrest, but on reliable evidence establishing the underlying facts. We also reject defendant's argument that this override is intended to encompass verbal threats only; an actual crime poses an equal, if not greater, risk than a verbal threat.

Defendant's challenges to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders are both waived and without merit (*see People v Bligen*, 33 AD3d 489 [2006]; *People v Joe*, 26 AD3d 300 [2006], *lv denied* 7 NY3d 703 [2006]). Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.