■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant. [1 NYS3d 103]—Order, Supreme

Court, New York County (Robert M. Mandelbaum, J.), entered September 30, 2013, which denied defendant's Correction Law § 168-o (2) petition to modify his sex offender classification from level three to level one, unanimously affirmed, without costs.

The court providently exercised its discretion in denying any modification (*see People v McFarland*, 120 AD3d 1121 [1st Dept 2014]). Defendant cites his good behavior in the years since his release from prison on the underlying conviction, and the fact that he has reached his early 60s. However, these factors are outweighed by the extreme seriousness and nature of the underlying sex crime, described in detail in this Court's decision on defendant's appeal from that conviction (196 AD2d 449 [1st Dept 1993], *lv denied* 82 NY2d 850 [1993]), as well as the other negative background factors that contributed to defendant's level three adjudication. Moreover, defendant's continuing, baseless refusal to accept responsibility is another factor weighing against any modification at this time.

We have considered and rejected defendant's procedural claims. Contrary to defendant's argument, the record reflects that in reaching its determination to deny the petition, the court considered all of defendant's submissions, in addition to the Board of Examiners' recommendation. Under the circumstances, there was no need to return the case to the Board for an updated recommendation. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.