■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOHOUT, Appellant. [44 NYS3d 470]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated January 23, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from the defendant's risk level designation under New York's Sex Offender Registration Act (*see* Correction Law § 168 *et seq.*; hereinafter SORA) following his conviction in federal court of a crime relating to his possession of child pornography. After a hearing, the Supreme Court assessed the defendant 95 points on the Risk Assessment Instrument, within the range for a presumptive designation as a level two sex offender. The defendant contends that the Supreme Court should have downwardly departed from the

presumptive risk level and found him to be a level one sex offender.

In seeking a downward departure from the presumptive risk level, a defendant first must identify an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). The defendant must then prove the existence of that factor in the case by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Marsh*, 116 AD3d 680, 681-682 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). If the defendant satisfies the burden of identifying and proving the existence of an appropriate mitigating factor, the court may then, as a matter of discretion, downwardly depart from the presumptive risk level. In determining whether to exercise that discretion in favor of a downward departure, the court must examine all the relevant circumstances in determining whether a designation at the presumptive risk level would result in an overassessment of the risk and danger of reoffense (*see People v Gillotti*, 23 NY3d at 861; *People v Marsh*, 116 AD3d at 682; *People v Wyatt*, 89 AD3d at 128).

Here, we conclude that the Supreme Court providently exercised its discretion in designating the defendant a level two sex offender under the SORA Guidelines and in declining to downwardly depart from the presumptive risk level (*see People v Rossano*, 140 AD3d 1042, 1043 [2016]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.