■ The People of the State of New York, Respondent, v Robert Padilla, Appellant. [61 NYS3d 262]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Mattei, J.), dated March 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law § 168 *et seq.* [hereinafter SORA]), contending that the Supreme Court should have granted his application for a downward departure from his presumptive risk level designation.

A defendant seeking a downward departure must identify mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by the SORA guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]), and must prove the existence of those circumstances by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861-864 [2014]; *People v Kohout*, 145 AD3d 922, 923 [2016]). If the defendant satisfies that burden, "the law

permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861). In exercising this discretion, the court must determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (*see id.*; *People v Kohout*, 145 AD3d at 923).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive designation as a level two sex offender (*see People v Rocano-Quintuna*, 149 AD3d 1114, 1115 [2017]; *People v Robinson*, 145 AD3d 805, 806 [2016]). Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.