The People of the State of New York, Respondent,
against
Charles Washington, Appellant.




New York City Legal Aid Society (Steven J. Miraglia of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Ayelet Sela of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), entered October 28, 2013. The order, after a hearing, designated defendant a level three sex offender pursuant to Correction Law article 6-C.




ORDERED that the order is affirmed, without costs.
In August 2013, defendant pleaded guilty to the charge of forcible touching (Penal Law § 130.52 [2]). At a hearing held pursuant to the Sex Offender Registration Act (SORA) (see Correction Law § 168-n), the People established by clear and convincing evidence that defendant had been previously convicted of a felony sex offense in 1986 and sentenced to 6 to 18 years, that he had been released on parole, and that the parole had subsequently been revoked. Thereafter, defendant was held until 2003, the maximum expiration date of his sentence. In addition, the evidence adduced at the SORA hearing established that at the time defendant had committed the current offense, to which he pleaded guilty, he was 72 years old and that he had placed his hands between the thighs of his girlfriend's 34-year-old daughter and rubbed her vaginal area. The Criminal Court found that defendant was presumptively a level three sex offender pursuant to an automatic override as a result of the prior felony conviction (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; People v Champagne, 140 AD3d 719 [2016]; People v Guitard, 57 AD3d 751, 752 [2008]; People v Patterson, 51 AD3d 750 [*2][2008]). However, defendant requested a downward departure from his presumptive designation as a level three sex offender. After the hearing, the Criminal Court denied defendant's request for a downward departure and adjudicated him a level three sex offender.
On appeal, defendant contends that the court should have granted his request for a downward departure from his presumptive risk level. Defendant has cited several factors in support of his request for a downward departure: (1) his advanced age, (2) his relationship with the victim's mother, (3) that the prior felony conviction occurred approximately 30 years ago, and (4) that he was in compliance with the level three sex offender registration requirements that had been imposed upon him as a result of his prior felony conviction.
A court has the discretion to depart from a presumptive the risk level obtained pursuant to an automatic override (see People v Howard, 27 NY3d 337 [2016]; People v Johnson, 135 AD3d 720 [2016]). The court must apply three analytical steps to determine whether to order a downward departure. First, the defendant must identify mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by the SORA guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5; People v Gillotti, 23 NY3d 841, 861-864 [2014]). Second, the defendant must prove the existence of those circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 861-864; People v Kohout, 145 AD3d 922, 923 [2016]; People v Santiago, 137 AD3d 762 [2016]). Third, if the defendant satisfies that burden, "the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861). In exercising this discretion, the court must "determine whether the totality of the circumstances warrants a departure to avoid an over . . . assessment of the defendant's dangerousness and risk of sexual recidivism" (id.; see People v Kohout, 145 AD3d at 923). However, " 'such departures are the exception, not the rule' " (People v Howard, 27 NY3d at 341, quoting People v Johnson, 11 NY3d 416, 42 [2008]).
Upon a review of the record, we find that defendant failed to adduce sufficient evidence to meet his burden of proof in establishing that the alleged " 'mitigating circumstances actually exist[ed] in the case at hand' " (People v Santiago, 137 AD3d 762, 763, quoting People v Gillotti, 23 NY3d at 861), and, thus, no downward departure is warranted.
Accordingly, the order adjudicating defendant a level three sex offender is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018