People v Saintilus (2019 NY Slip Op 01111)





People v Saintilus


2019 NY Slip Op 01111


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-11092

[*1]People of State of New York, respondent,
v
Morales Saintilus, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated August 23, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination denying the defendant's application for a downward departure to a risk level one determination. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Most of the circumstances cited by the defendant in support of his application were adequately taken into account under the SORA Guidelines, including his relationship to the victims (see SORA Guidelines at 12) and his lack of prior criminal history (see SORA Guidelines at 13-14). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances of a kind or to a degree not adequately taken into account by the SORA Guidelines (see People v Gillotti, 23 NY3d at 861; People v Santiago, 137 AD3d at 764).
The defendant also cited community and family support as a mitigating circumstance, and submitted letters from pastors, family members, friends, and his wife, which generally describe the defendant as a good person, a community leader, and a good pastor. However, the defendant [*2]failed to demonstrate how having support from the community or his family established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor which was otherwise not adequately taken into account by the SORA Guidelines (see People v Kohout, 145 AD3d 922). In any event, with respect to all of these circumstances, the defendant failed to demonstrate by a preponderance of the evidence that these circumstances resulted in the overassessment of his risk to public safety (see People v Wyatt, 89 AD3d at 129).
Although advanced age may constitute a basis for a downward departure (see SORA Guidelines at 5; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d at 765), here, the evidence proffered by the defendant, who committed the offenses between the ages of 48 to 53, failed to demonstrate that his age at the time of the SORA determination, 64 years old, resulted in the overassessment of his risk to public safety (see People v Wyatt, 89 AD3d at 129; People v Rodriguez, 159 AD3d 842, 842-843; People v Rocano-Quintuna, 149 AD3d at 1115). Accordingly, the defendant did not meet his burden of proof in establishing that this mitigating circumstance existed in his case.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court