People v Hegazy (2019 NY Slip Op 01803)





People v Hegazy


2019 NY Slip Op 01803


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-06837

[*1]People of State of New York, respondent,
v
Jeanette Hegazy, appellant.


Janet E. Sabel, New York, NY (Susan Epstein and Harold Ferguson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated June 1, 2017, which, after a hearing, denied her petition pursuant to Correction Law § 168-o(2) for a modification of her risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant failed to sustain her burden of establishing, by clear and convincing evidence, facts warranting a modification of her existing sex offender risk level classification from level two to level one (see Correction Law § 168-o[2]; People v Lashway, 25 NY3d 478, 483; People v Perry, 165 AD3d 714; People v Smith, 154 AD3d 890). Although the defendant has not re-offended since her release from prison on the underlying sex offense and is in her 60s, these factors are outweighed by the extreme seriousness and nature of the underlying sex offense, as well as the other negative background factors that contributed to the defendant's level two adjudication (see People v Charles, 162 AD3d 125, 140-141; People v Johnson, 124 AD3d 495). While the record shows that the defendant has completed sex offender treatment, there is no evidence as to whether her participation in such treatment was meaningful (see People v Vancura, 95 AD3d 852). The defendant's continuing refusal to accept responsibility for her actions and her minimization of her role in the underlying sex offense weigh against any modification of her risk level classification at this time (see People v Charles, 162 AD3d at 141; People v Johnson, 124 AD3d at 496).
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court