The People of the State of New York, Respondent,
against
Sean Hawkins, Appellant. 




New York City Legal Aid Society (Ellen Dille of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Daniel Berman of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), entered September 26, 2016. The order, after a hearing, designated defendant a level two sex offender pursuant to Correction Law article 6-C.




ORDERED that the order is modified by providing that defendant is designated a level one sex offender; as so modified, the order is affirmed, without costs.
In 2016, after a nonjury trial, defendant was found guilty of 10 counts of sexual abuse in the third degree (Penal Law § 130.55), and one count of attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]) (see People v Hawkins, ___ Misc 3d ____, 2020 NY Slip Op _____ [appeal No. 2016-1965 K CR], decided herewith [affirming the judgment of conviction]). At a hearing held pursuant to the Sex Offender Registration Act (SORA) (see Correction Law § 168-n), the Criminal Court assessed a total of 95 points on the risk assessment instrument and designated defendant a level two sex offender. Defendant requested a downward departure from his presumptive designation as a level two sex offender. He argued, among other things, that, from the time he had been convicted after a trial on August 9, 2010 of the underlying criminal charges and retried and convicted on August 1, 2016 on the same charges, he had not reoffended, he had been without any supervision during that time period, and he had not been [*2]arrested or convicted of any other crimes during that period of time. The Criminal Court denied defendant's request for a downward departure.
On appeal, defendant contends that the court should have granted his request for a downward departure from his presumptive risk level since the guidelines did not take into account his behavior, without reoffending, while he was at liberty during the six years of litigation in this criminal matter.
Courts apply three analytical steps to determine whether to order a downward departure. First, the defendant must identify mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by the SORA guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5; People v Gillotti, 23 NY3d 841, 861-864 [2014]). Second, the defendant must prove the existence of those circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 861-864; People v Kohout, 145 AD3d 922, 923 [2016]; People v Santiago, 137 AD3d 762 [2016]). Third, if the defendant satisfies the foregoing, "the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861). In exercising this discretion, the court must "determine whether the totality of the circumstances warrants a departure to avoid an over . . . assessment of the defendant's dangerousness and risk of sexual recidivism" (id.; see People v Kohout, 145 AD3d at 923).
By citing to the six-year period during which he had been without supervision and had not reoffended, defendant established by a preponderance of the evidence a mitigating circumstance that was not adequately taken into account by the SORA guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5; People v Gillotti, 23 NY3d at 861-864). In exercising our discretion, upon weighing the mitigating factor, we find that the totality of the circumstances warrant a downward departure to avoid an over assessment of defendant's dangerousness and risk of sexual recidivism.
Accordingly, the order is modified by providing that defendant is designated a level one sex offender.
WESTON, J.P., and SIEGAL, J., concur.
ALIOTTA, J., dissents and votes to affirm the order designating defendant a level two sex offender in the following memorandum: 
Defendant cites several factors in support of his request for a downward departure: (1) his 1989 felony conviction of criminal possession of a weapon in the third degree was too remote in time to be considered; (2) his behavior without reoffending while he was at liberty during the six years of litigation in this criminal matter; (3) his underlying conviction involved a family member and data demonstrates that intrafamilial offenders with a female victim have a low rate of reoffending; and (4) the court did not consider his community service.
Defendant's contention that his risk level was overstated by the assessment of points [*3]under risk factor 9 is without merit, "as the temporal remoteness of a prior felony conviction does not qualify as a mitigating factor for a downward departure" (see People v Sofo, 168 AD3d 891, 892 [2019]; People v Jewell, 119 AD3d 1446, 1448-1449 [2014]; People v Wyatt, 89 AD3d 112, 130-131 [2011]). Defendant's contention that a downward departure from his presumptive risk level is warranted since intrafamilial offenders with female victims, here an 11-year-old child, have a lower rate of reoffending, is unpreserved for appellate review because he did not raise this ground at the SORA hearing (see People v Hogan, 163 AD3d 728, 728 [2018]; People v Destio, 145 AD3d 1047, 1048 [2016]).
While defendant's behavior in not reoffending during the six years it took to prosecute the underlying criminal charges, and his community service while he was at liberty and without supervision may be considered mitigating circumstances of a kind or to a degree not adequately taken into account by the guidelines, and even assuming that defendant established the existence of these mitigating circumstances by a preponderance of the evidence, they are outweighed by the extreme seriousness and nature of the underlying sex crimes (see People v Charles, 162 AD3d 125 [2018]; People v Johnson, 124 AD3d 495, 496 [2015]). Indeed, it is of concern that defendant refused to accept responsibility for his sexual offenses, as noted in the risk assessment instrument under risk factor 12. Under the circumstances, I conclude that the Criminal Court properly took into account the totality of the circumstances in finding that a downward departure was not warranted.
Accordingly, I vote to affirm the order designating defendant a level two sex offender.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2020