People v Singleton (2020 NY Slip Op 01810)





People v Singleton


2020 NY Slip Op 01810


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1078 KA 18-01221

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE SINGLETON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIE SINGLETON, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), entered May 30, 2018. The order denied the petition of defendant for a modification of his risk level assessment pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying his petition pursuant to Correction Law § 168-o (2) seeking to modify the prior determination that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (§ 168 et seq.). We affirm.
Defendant's contentions in his main brief concerning County Court's initial SORA risk level determination, which occurred in 2006, are not before us inasmuch as "Correction Law § 168-o . . . does not provide a vehicle for reviewing whether defendant's circumstances were properly analyzed in the first instance to arrive at his risk level" (People v David W., 95 NY2d 130, 140 [2000]; see People v Anthony, 171 AD3d 1412, 1413 [3d Dept 2019]).
We reject defendant's further contention in his main brief that the court erred in denying the petition. In this proceeding seeking a modification of a SORA risk level determination, defendant bore the "burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o [2]; see People v Williams, 170 AD3d 1531, 1531 [4th Dept 2019]; People v Cullen, 79 AD3d 1677, 1677 [4th Dept 2010], lv denied 16 NY3d 709 [2011]), and he failed to meet that burden (see People v Charles, 162 AD3d 125, 140 [2d Dept 2018], lv denied 32 NY3d 904 [2018]; People v Johnson, 124 AD3d 495, 496 [1st Dept 2015]; see generally People v Lashway, 25 NY3d 478, 484 [2015]). We have considered defendant's contention in his pro se supplemental brief concerning the hearing and we conclude that it lacks merit.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court