People v Sledge (2021 NY Slip Op 50122(U))

[*1]

People v Sledge (Daryl)

2021 NY Slip Op 50122(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2014-205 Q C

The People of the State of New York,
Respondent,
against
Daryl Sledge, Appellant. 

New York City Legal Aid Society (Adrienne M. Gantt of counsel), for appellant.
Queens County District Attorney (Eunice Villantoy, Johnette Traill and Ellen C. Abbot of
counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County
(Donna-Marie Golia, J.), entered October 31, 2013. The order, after a hearing, designated
defendant a level three sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
At the Sex Offender Registration Act (SORA) hearing, the People demonstrated that
defendant had intercourse with his 15-year-old stepdaughter, who is described as being "mentally
retarded." As a result, she became pregnant and, in December of 2006, gave birth to defendant's
child. At the hearing, the People presented a copy of the victim's Individualized Education
Program (IEP) report, prepared by the victim's special education teachers, which indicated that
the victim has "trouble with social semantics and does not always understand the complexities of
situations." A psychological report accompanying the IEP set forth that the victim has
weaknesses in understanding and accepting the consequences of her behavior. The Long Term
Adult Outcomes section of the IEP reflects that the victim's condition is expected to persist into
adulthood. The Criminal Court assessed 20 points under risk factor 5 because the victim was
between 11 and 16 years old (see Sex Offender Registration Act: Risk Assessment
Guidelines and Commentary at 11), and 20 additional points under risk factor 6, finding that the
victim was mentally disabled, which was not the result of, or in any way connected to, her age.
After the court assessed defendant with a total score of 140 points, he was designated a level
three sex offender.
On appeal, defendant argues that the Criminal Court should not have assessed points against
him under both risk factors 5 and 6, as this amounted to improper double counting, and, for the
first time on appeal, asks that he be granted a downward departure from his presumptive risk
level.
" 'Mentally disabled' means that a person suffers from a mental disease or defect which
renders him or her incapable of appraising the nature of his or her conduct" (Penal Law §
130.00 [5]). Here, the clear and convincing evidence established that the victim was "mentally
disabled," with difficulty functioning in society and understanding the nature of her conduct,
which disability was not related to her age. Thus, under the circumstances presented, the
assessment of points under both risk factors 5 and 6 did not constitute double counting (see
People v Caban, 61 AD3d 834 [2009]; People v Ramirez, 53 AD3d 990, 990-991
[2008]).
Defendant's contention that he is entitled to a downward departure based upon his age and
[*2]behavior in not reoffending during the years after he had been
released from jail for unrelated criminal charges is unpreserved for appellate review, as he failed
to raise these grounds in seeking a downward departure at the SORA hearing (see People v
Wilcox, 178 AD3d 1107, 1109 [2019]; People v Bigelow, 175 AD3d 1443, 1444
[2019]). In any event, even assuming, without deciding, that defendant established by a
preponderance of the evidence that his age and his behavior in not reoffending during the years
after he had been released from jail for unrelated criminal charges may be considered mitigating
circumstances of a kind or to a degree not adequately taken into account by the guidelines, they
are outweighed by the extreme seriousness and nature of the underlying sex crime (see People
v Charles, 162 AD3d 125 [2018]; People v Johnson, 124 AD3d 495, 496
[2015]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021