People v Hatton (2021 NY Slip Op 50839(U))

[*1]

People v Hatton (Frankie)

2021 NY Slip Op 50839(U) [72 Misc 3d 141(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1038 K C

The People of the State of New York,
Respondent,
against
Frankie Hatton, Appellant. 

New York City Legal Aid Society (Arthur H. Hopkirk of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy and Daniel Berman of
counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County (Donald
Leo, J.), entered April 26, 2018. The order, after a hearing, designated defendant a level three sex
offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
In February 2018, defendant was convicted, upon his plea of guilty, of forcible touching
(Penal Law § 130.52 [1]). On April 26, 2018, at a hearing held pursuant to the Sex Offender
Registration Act (SORA) (see Correction Law § 168-n), defendant was assessed a
total of 80 points on the risk assessment instrument, thereby presumptively classifying him as a
level two sex offender. The People presented a case summary of the Board of Examiners
detailing defendant's repeated sexual attacks in the New York City subways in 2009 against six
women, and similar attacks in 2017 and 2018. The People argued, among other things, that the
Criminal Court should upwardly depart from the presumptive risk level to risk level three due to
the escalating nature of defendant's sexual misconduct. The court granted the People's application
for an upward departure and denied defendant's request for a downward departure. By order
entered April 26, 2018, the Criminal Court designated defendant a level three sex offender.
On appeal, defendant challenges the granting of the People's request for an upward departure
and the denial of his request for a downward departure.
In seeking an upward departure, the People must identify an aggravating factor that tends
[*2]to establish a higher likelihood of reoffense or danger to the
community not adequately taken into account by the risk assessment instrument, and prove the
facts in support of the aggravating factor by clear and convincing evidence (see People v
Gillotti, 23 NY3d 841, 861 [2014]; People v DeDona, 102 AD3d 58 [2012]; People v Wyatt, 89 AD3d 112
[2011]; see also Sex Offender Registration Act: Risk Assessment Guidelines and
Commentary at 4 [2006]). The court may, in its discretion, choose to upwardly depart if the
People have met their burden (see People v Gillotti, 23 NY3d at 861; People v
DeDona, 102 AD3d at 68; People v Wyatt, 89 AD3d at 121).
Here, the Criminal Court properly determined that the People had presented clear and
convincing evidence of an aggravating factor not adequately taken into account by the SORA
guidelines, namely, his escalating history of sexual misconduct (see People v Ragabi, 150
AD3d 1161, 1162 [2017]; People v
Ziliox, 145 AD3d 925 [2016]; People v Davis, 139 AD3d 1226, 1228 [2016]; People v Jackson, 139 AD3d 1031
[2016]). In seeking a downward departure, defendant failed in his initial burden of establishing,
by a preponderance of the evidence (see People v Wyatt, 89 AD3d at 127-128), facts
which are not otherwise adequately taken into account by the SORA guidelines (see People v Lawrence, 40 Misc 3d
131[A], 2013 NY Slip Op 51130[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2013]), which would warrant such a downward departure.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021