People v Hatton (2021 NY Slip Op 50838(U))

[*1]

People v Hatton (Frankie)

2021 NY Slip Op 50838(U) [72 Misc 3d 141(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1037 K C

The People of the State of New York,
Respondent,
against
Frankie Hatton, Appellant. 

New York City Legal Aid Society (Arthur H. Hopkirk of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy and Daniel Berman of
counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County (Donald
Leo, J.), entered April 26, 2018. The order, after a hearing, designated defendant a level three sex
offender and, in effect, a predicate sex offender, pursuant to Correction Law article 6-C.

ORDERED that the order is modified by vacating the provision designating defendant a
predicate sex offender; as so modified, the order is affirmed, without costs.
In November 2017, defendant was convicted, upon his plea of guilty, of attempted forcible
touching (Penal Law §§ 110.00, 130.52 [2]). On April 26, 2018, at a hearing held
pursuant to the Sex Offender Registration Act (SORA) (see Correction Law §
168-n), the Criminal Court relied upon, among other things, the case summary submitted by the
Board of Examiners and the presentence report, which indicated that defendant and the victim
were strangers. The court assessed 20 points against defendant under risk factor seven of the risk
assessment instrument (RAI). Furthermore, the clear and convincing evidence submitted by the
People established that defendant, in committing the offense of attempted forcible touching, had
kissed the buttocks of a female passenger in a subway car. Defendant was assessed a total of 70
points on the RAI. However, the court found that defendant was a level three sex offender and, in
effect, a predicate sex offender, pursuant to an automatic override based on a subsequent
judgment convicting him of forcible touching rendered on February 27, 2018, and denied his
request for a downward departure.
On appeal, defendant contends that the court should not have applied an automatic [*2]override designating him a level three sex offender, since the threat
of reoffending must be a verbal threat, and the Board of Examiners did not recommend
application of the override, that his request for a downward departure should have been granted,
and that the court should not have made the determination that he was a predicate sex offender.
Defendant further contends that he was denied the right to an impartial tribunal because the
court, in making its determination, sua sponte relied upon the presentence report which indicated
that defendant and the female victim were strangers.
Although in rendering its determination the Criminal Court did not set forth in a written
order its "findings of fact and conclusions of law on which [its] determinations [were] based"
(Correction Law § 168-n [3]), its findings were made orally at the SORA hearing, and
remittal is not required, as the record is sufficient for this court on appeal to make its own
findings of fact and conclusions of law (see People v Finizio, 100 AD3d 977 [2012]; People v Harris, 93 AD3d 704
[2012]).
There are four overrides which "automatically result in a presumptive risk assessment of
level 3: (i) a prior felony conviction for a sex crime; (ii) the infliction of serious physical injury
or the causing of death; (iii) a recent threat to reoffend by committing a sexual or violent crime;
or (iv) a clinical assessment that the offender has a psychological, physical, or organic
abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender
Registration Act: Risk Assessment Guidelines and Commentary at 3-4; see Correction
Law § 168-l [5] [a] [i], [ii]; [b] [ii], [iii]; [e], [h]). 
Here, the People submitted proof demonstrating that, shortly after being sentenced to the
underlying offense of attempted forcible touching (under docket number ending 29074),
defendant was convicted, upon his plea of guilty, of forcible touching on February 27, 2018,
while the instant hearing was still pending. Defendant's argument that the override is intended to
encompass only verbal threats is unavailing since an "actual crime poses an equal, if not greater,
risk than a verbal threat" (People v
Woods, 45 AD3d 408, 409 [2007]; see People v Spivey, 88 AD3d 459 [2011]). Consequently, the
People established by clear and convincing evidence the applicability of the third override and,
thus, the presumptive assessment as a level three sex offender. 
A "court ultimately determines a petitioner's SORA risk level, and is not bound by the
Board's recommendation, from which it may depart in considering the record" (People v
Lashway, 25 NY3d 478, 483 [2015]; see People v Davis, 179 AD3d 183, 187 [2019]; Correction Law
§ 168-n [2], [3]). With respect to the hearing court's denial of defendant's request for a
downward departure, we note that courts apply three analytical steps to determine whether to
order a downward departure. First, the defendant must identify mitigating circumstances that are
of a kind, or to a degree, not adequately taken into account by the SORA guidelines (see
Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5; People
v Gillotti, 23 NY3d 841, 861-864 [2014]). Second, the defendant must prove the existence of
those circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d
at [*3]861-864; People v Kohout, 145 AD3d 922, 923 [2016]; People v Santiago, 137 AD3d 762
[2016]). Third, if the defendant satisfies the foregoing, "the law permits a departure, but the court
still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d
at 861). In exercising this discretion, the court must "determine whether the totality of the
circumstances warrants a departure to avoid an over . . . assessment of the defendant's
dangerousness and risk of sexual recidivism" (id.; see People v Kohout, 145
AD3d at 923). 
The Guidelines (The Sex Offender Registration Act: Risk Assessment Guidelines and
Commentary at 2) provide:
"1. As the Act makes clear, the threat posed by a sex offender depends upon two
factors: (i) the offender's likelihood of reoffense and (ii) the harm that would be inflicted if he did
reoffend. Some offenders repeatedly reoffend, but the harm they inflict, while not insubstantial,
is less grave. Others may pose a lesser likelihood of recidivism, especially if properly supervised,
but the harm would be great were they to reoffend. The sex offender whose modus operandi is to
rub himself against women in a crowded subway car generally falls into the former category; the
child molester into the latter. The guidelines seek to capture both these elements - - the
probability of reoffense and the harm therefrom — in determining an offender's risk level.
It is important to note that the risk level seeks to capture not only an offender's risk of reoffense
but also the harm posed by a particular offender should he
reoffend."
Here, defendant does not fall into the category of offenders
who only rub against another person in a crowded subway car, as no such allegation has been
made. The clear and convincing evidence adduced at the hearing established that defendant
kissed the buttocks of a woman when they were in the subway, and, in the subsequent judgment
convicting defendant of forcible touching, defendant had used his hand to rub a woman's
buttocks while waiting inside Atlantic Terminal, Brooklyn. Furthermore, defendant has not
identified any mitigating factors that would tend to establish a lower likelihood of reoffending or
danger to the community which is not adequately taken into account by the SORA guidelines.
Indeed, the totality of the circumstances does not warrant a downward departure so as to avoid an
over assessment of defendant's dangerousness and risk of sexual recidivism (see People v
Kohout, 145 AD3d at 923). Thus, defendant was properly designated a level three sex
offender.
With respect to the provision designating defendant a predicate sex offender (see
Correction Law § 168-a [7]) , as the People concede, defendant did not qualify as a
predicate sex offender since there was no showing that, prior to the judgment convicting
defendant of attempted forcible touching (docket number ending 29074) rendered November 20,
2017, he had previously been convicted of a sex offense as defined under Correction Law §
168-a (2) (b) or (c), the criteria for such designation under Correction Law § 168-a (7). 
Defendant's contention concerning the court's impartiality at the hearing is not preserved for
appellate review and we decline to review this contention in the interest of justice. In any event,
were we to review this contention, we would find that it lacks merit.
Accordingly, the order is modified by vacating the provision designating defendant a
predicate sex offender.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021