People v Colon (2020 NY Slip Op 03677)





People v Colon


2020 NY Slip Op 03677


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-09439

[*1]People of State of New York, respondent, 
v
Ovidio Colon, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated September 15, 2015, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the second degree, and on December 2, 2003, was sentenced to a period of imprisonment and probation, and designated a level two sex offender pursuant to Correction Law article 6-C. In April 2015, the defendant petitioned pursuant to Correction Law § 168-o(2) for a downward modification of his sex offender risk level classification from level two to level one. In an order dated September 15, 2015, the Supreme Court denied the petition. The defendant appeals.
A sex offender required to register under the Sex Offender Registration Act (Correction Law § 168 et seq.) is permitted to petition annually for modification of his or her risk level classification (see Correction Law § 168-o[2]). "The petition shall set forth the level of notification sought, together with the reasons for seeking such determination. The sex offender shall bear the burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o[2]). After reviewing the relevant materials, the court has the discretion to grant or deny the petition (see Correction Law § 168-o[4]; People v Lashway, 25 NY3d 478, 483; People v Davis, 179 AD3d 183, 187).
Here, although the defendant presented evidence of some positive achievements since his initial sex offender classification, he presented no evidence concerning his participation in sex offender counseling or treatment that would demonstrate a lowered risk of reoffense (see People v Alvarez, 181 AD3d 728; People v Wiggins, 180 AD3d 820; People v Shaljamin, 164 AD3d 1169). Accordingly, we agree with the Supreme Court's determination that a downward modification was not warranted under the circumstances.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court