People v Clark (2022 NY Slip Op 04746)

People v Clark

2022 NY Slip Op 04746

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-00983

[*1]The People of the State of New York, respondent,
v
Dwaine Anthony Clark, appellant. 

Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated December 18, 2019, which, after a hearing, granted his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C only to the extent of designating him a level two sex offender.
ORDERED that the order is affirmed, without costs or disbursements.
In 1995, the defendant was convicted of one count of sexual abuse in the first degree. After serving a term in prison, the defendant was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA). In June 2019, the defendant petitioned pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification. Following a hearing, the Supreme Court granted the defendant's petition to the extent of designating him a level two sex offender. On appeal, the defendant contends that the court should have designated him a level one sex offender.
Pursuant to Correction Law § 168-o(2), a sex offender required to register under SORA is permitted to petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483). "The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (id. at 483; see Correction Law § 168-o[2]; People v Colon, 185 AD3d 612, 612-613; People v Alvarez, 181 AD3d 728, 728; People v Davis, 179 AD3d 183, 187). The relevant inquiry is "whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Davis, 179 AD3d at 187, quoting People v Anthony, 171 AD3d 1412, 1413).
Here, in support of his petition, the defendant presented letters evincing strong family support, including that he has been in a committed relationship with a partner for more than 20 years with whom he has two children. The defendant has not committed any sex offenses since his release from prison more than 20 years ago. However, the defendant committed a nonviolent felony offense as recently as 2017, for which he received a probationary sentence. The defendant never participated in sex offender counseling or treatment. Under these circumstances, and considering the relevant factors, the Supreme Court providently exercised its discretion in granting the defendant's petition only to the extent of designating him a level two sex offender.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court