People v Lamar (2025 NY Slip Op 00683)

People v Lamar

2025 NY Slip Op 00683

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00690

[*1]The People of the State of New York, respondent, 
v
Latif Lamar, also known as Dwayne Webb, appellant. 

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Morgan Czarnik of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), dated January 4, 2023, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1993, the defendant was convicted, inter alia, of rape in the first degree and sentenced to a period of incarceration. After being granted an open release date by the New York State Department of Corrections and Community Supervision, in March 2016, the defendant was designated a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In February 2021, the defendant filed a petition pursuant to Correction Law § 168-o(2) to modify his risk level classification from level three to level two. Following a hearing, in an order dated January 4, 2023, the County Court denied the petition. The defendant appeals.
"The objective of SORA is to evaluate a particular sex offender's risk of reoffense once he or she is released back into the community so that appropriate supervision and notification can be achieved" (People v Davis, 179 AD3d 183, 186). "'Correction Law § 168-o(2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification'" (People v Holley, 231 AD3d 1064, 1065, quoting People v Lashway, 25 NY3d 478, 483; see People v Wiggins, 180 AD3d 820, 821). "In such circumstance, '[t]he sex offender shall bear the burden of proving the facts supporting a requested modification by clear and convincing evidence'" (People v Davis, 179 AD3d at 187, quoting Correction Law § 168-o[2]; see People v Springs, 162 AD3d 917). "'[T]he relevant inquiry regarding Correction Law § 168-o(2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof'" (People v Holley, 231 AD3d at 1065, quoting People v Davis, 179 AD3d at 187).
Here, the record supports the County Court's conclusion that the defendant failed to establish, by clear and convincing evidence, facts warranting a modification of his risk level classification from level three to level two (see People v Johns, 199 AD3d 529; People v DeSoto, 181 AD3d 835; People v Springs, 162 AD3d at 918; cf. People v Clark, 207 AD3d 758, 759). Contrary to the defendant's contention, his inability to secure Sexual Assault Reform Act compliant housing—a condition of his level three classification (see Executive Law § 259-c[14])—has no [*2]bearing on his risk of reoffense and, concomitantly, his risk level classification (see People v Davis, 179 AD3d at 186). Accordingly, the court properly denied the petition.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court