People v Falcon (2019 NY Slip Op 03828)





People v Falcon


2019 NY Slip Op 03828


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2012-07676

[*1]People of State of New York, respondent,
v
Enrique Falcon, appellant.


Janet E. Sabel, New York, NY (Nancy E. Little and Justine M. Luongo of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Robert Charles Kohm, J.), dated June 28, 2012, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C from level two to level one.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2009, the defendant was designated a level two sex offender under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). In November 2011, the defendant petitioned pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification from level two to level one. In an order dated June 28, 2012, the Supreme Court denied the petition, and the defendant appeals.
Pursuant to Correction Law § 168-o(2), a sex offender required to register under SORA is permitted to petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483; People v Smith, 154 AD3d 890). The sex offender "bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (People v Lashway, 25 NY3d at 483; see Correction Law § 168-o[2]; People v Hayden, 144 AD3d 1010). Here, the defendant failed to establish, by clear and convincing evidence, facts warranting a downward modification of his existing risk level classification (see People v Perry, 165 AD3d 714; People v Springs, 162 AD3d 917, 918; People v Charles, 162 AD3d 125, 140-141; People v Smith, 154 AD3d 890, 891).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's petition.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court