People v Wiggins (2020 NY Slip Op 01097)





People v Wiggins


2020 NY Slip Op 01097


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-10375

[*1]People of State of New York, respondent, 
v
Barry Wiggins, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated July 18, 2018, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After the defendant's conviction of a sex offense, he was designated a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The defendant thereafter petitioned pursuant to Correction Law § 168-o(2) for a downward modification of his risk level classification. In an order dated July 18, 2018, the County Court denied the petition, and the defendant appeals.
Pursuant to Correction Law § 168-o(2), a sex offender required to register under SORA is permitted to petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483). The sex offender "bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (id. at 483; see Correction Law § 168-o[2]).
Here, the defendant failed to meet his burden. Although the defendant did not commit any sex offenses in the more than 25 years following his conviction and was active in his church, he was not consistently compliant with the requirement to register as a sex offender, and there is no indication that he participated in any sex offender treatment or that he even accepted responsibility for the offense, which he previously claimed he did not commit despite his plea of guilty. In sum, the defendant did not submit sufficient evidence that conditions had changed since his conviction so as to warrant modification of his risk level (see People v Falcon, 172 AD3d 1116; People v Hegazy, 170 AD3d 899, 900; cf. People v Davis, ___ AD3d ___, 2019 NY Slip Op 08720 [2d Dept 2019]).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court