People v Ghose (2023 NY Slip Op 02021)

People v Ghose

2023 NY Slip Op 02021

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-03341

[*1]The People of the State of New York, respondent,
v
Charles Ghose, appellant. John Healy, Uniondale, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Rebecca L. Abensur and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), dated April 22, 2021, which, without a hearing, denied his petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification under Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's petition.
In 2011, the defendant was designated a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) upon a foreign conviction of "sexual activity with a child." In August 2017, the Supreme Court granted the defendant's petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification to the extent of designating him a level two sex offender.
In July 2020, the defendant moved pro se for "reconsideration" of the initial determination that he was obligated to register in New York under SORA, arguing that his foreign conviction did not meet the definition of a sex offense requiring registration under SORA. In an order dated October 21, 2020, the Supreme Court denied the motion.
In February 2021, the defendant, again pro se, filed a petition pursuant to Correction Law § 168-o(2) for a modification of his risk level classification. In the petition, the defendant also sought re-evaluation of the initial determination that his foreign conviction qualified as a sex offense requiring registration under SORA. In an order dated April 22, 2021, the Supreme Court denied the petition without a hearing. The court described the petition as seeking relief from registration under Correction Law § 168-o(1), which allows a level two sex offender who has been registered for at least 30 years to petition to be relieved of any further duty to register, and which prohibits consideration of such a petition "more than once every two years" (id.). The court determined that the petition was the second such petition filed within two years and, therefore, was procedurally barred. The defendant appeals.
Contrary to the Supreme Court's determination, the petition was not barred by Correction Law § 168-o(1), as the defendant was not seeking discretionary relief from the continued [*2]duty to register under SORA. To the extent that the defendant sought review of the initial determination in 2011 that he was required to register under SORA, this relief is not available by way of a petition pursuant to Correction Law § 168-o (see People v David W., 95 NY2d 130, 140; People v Davis, 179 AD3d 183, 187). However, the petition also sought a downward modification of the defendant's risk level classification. Pursuant to Correction Law § 168-o(2), any sex offender required to register or verify under SORA may petition annually for modification of his or her risk level classification (see People v Lashway, 25 NY3d 478, 483; People v Davis, 179 AD3d at 186). As the defendant had not petitioned for a modification of his risk level classification within the prior year, he was not procedurally barred from seeking such relief in the instant petition. Therefore, upon receipt of the petition, the court should have followed the procedures set forth in Correction Law § 168-o(4) and conducted a hearing on the petition.
Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant's petition.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court