People v Johns (2024 NY Slip Op 04640)

People v Johns

2024 NY Slip Op 04640

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

532133
[*1]The People of the State of New York, Respondent,
v
Gary Johns Jr., Appellant.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Mackey, J.
Appeal from an order of the County Court of Cortland County (Julie A. Campbell, J.), entered July 28, 2020, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
In 1999, defendant was convicted upon his plea of guilty of the reduced charge of attempted rape in the first degree and was sentenced to a prison term of 5½ years, to be followed by five years of postrelease supervision. Upon his release from incarceration in 2003, defendant was classified as a risk level two sex offender and designated a sexually violent offender. In 2020, defendant applied, for the fifth time, for a modification of his risk level classification pursuant to Correction Law § 168-o (2), seeking to be reclassified as a risk level one sex offender as his conditions have changed subsequent to the initial risk level classification given, among other things, that he has remained arrest free, successfully completed sex offender treatment while incarcerated and gained custody of his daughter, which helped him understand the impact of his underlying criminal actions. The Board of Examiners of Sex Offenders in an updated recommendation did not oppose the reclassification. The People initially did not oppose defendant's application for reclassification, but at the hearing for the first time expressed a change of position opposing the reclassification.[FN1] County Court denied the application, and this appeal by defendant ensued.
Defendant contends that he was deprived of due process as he was not provided with notice and an opportunity to be heard regarding various Family Court petitions and proceedings on which County Court relied in denying his application for a modification of his risk level sex offender status. Under the circumstances here, we agree.
"Correction Law § 168-o (2) permits a sex offender required to register under [the Sex Offender Registration Act] to petition annually for modification of his [or her] risk level classification. The petitioner bears the burden of proving the facts supporting a requested modification by clear and convincing evidence" (People v Lashway, 25 NY3d 478, 483 [2015] [citation omitted]; see People v Lashway, 226 AD3d 1270, 1271 [3d Dept 2024]). Although Correction Law § 168-o (4) does not contain any language entitling a defendant to prehearing discovery, the same procedural due process rights regarding a defendant's access to documents relied on in determining the initial risk assessment are applicable where a defendant seeks a modification of his or her risk level classification pursuant to Correction Law § 168-o (see People v Lashway, 25 NY3d at 483-484).
In discrediting defendant's sworn statements in support of his application and in finding his statements to be misleading, County Court relied heavily upon various Family Court proceedings, including neglect proceedings as far back as 2012, and a family offense petition containing allegations against defendant [*2]that were subsequently withdrawn. The court detailed the allegations in the petitions, finding that the allegations contradicted defendant's sworn statements in his application and that, by excluding such information from his sworn affidavit, defendant attempted to mislead the court. Defendant was not given an opportunity to respond to or defend himself against consideration of such information. Although at the commencement of the proceeding County Court stated that it was taking "judicial notice of all prior criminal and civil proceedings involving [defendant] including, but not limited to, each of his prior applications seeking a downward modification," we find that, under the circumstances here, such a generalized statement by the court failed to give defendant meaningful notice of information being considered and an opportunity to be heard. Further, we note that neither the Board, in its updated recommendation, nor the People, in setting forth their opposition at the hearing, advanced any information pertaining to any Family Court petitions and/or proceedings. It was not until County Court issued its decision that defendant was aware that Family Court matters were being considered.
This is not to say that every piece of information of which a court takes judicial notice necessarily must be disclosed to a defendant in every Sex Offender Registration Act proceeding as a matter of course. Here, however, County Court's overwhelming reliance on the allegations set forth in the Family Court petitions and/or proceedings, some of which were unfounded or withdrawn, without specifically identifying them, deprived defendant of notice or a meaningful opportunity to respond to the basis for the court's denial of his application. As such, we find that there was a violation of due process requiring that the matter be remitted for a new hearing, as we do not find such error under these circumstances to be harmless (compare People v Baxin, 26 NY3d 6, 11 [2015]).
In remitting the matter, we deem it necessary to reiterate that "Correction Law § 168-o does not provide a vehicle for reviewing whether a defendant's circumstances were properly analyzed in the first instance to arrive at his or her risk level. Rather, the relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Anthony, 171 AD3d 1412, 1413 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see People v Shader, 217 AD3d 1040, 1041 [3d Dept 2023], lv granted 40 NY3d 909 [2024]; People v Kaminski, 208 AD3d 1395, 1396 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). In other words, and contrary to County Court's finding here, the proper level of review is not whether there is clear and convincing evidence to support defendant's initial risk level classification, but rather, whether defendant has met his burden of establishing by clear and convincing [*3]evidence that a modification of his risk assessment level is warranted based upon a change in conditions.
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Defendant objected to the People's opposition being raised for the first time at the hearing and was afforded an opportunity to submit written submissions after the hearing.