People v Van Leer (2025 NY Slip Op 03595)

People v Leer

2025 NY Slip Op 03595

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-03567

[*1]The People of the State of New York, respondent,
v
Arnold Van Leer, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Danielle Sciarretta and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 16, 2024, which, after a hearing, denied his petition pursuant to Correction Law § 168-o(2) to modify his risk level classification under Correction Law article 6-C.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petition is granted, and the defendant is designated a level one sex offender.
In 1999, the defendant was convicted of two counts of sexual abuse in the first degree and designated a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Shortly thereafter, the defendant moved to Massachusetts, where he has lived ever since. Pursuant to the sex offender registration requirements in Massachusetts, the defendant consistently registered with his local precinct and provided Massachusetts law enforcement officials with an updated photograph of himself. In 2003, the defendant was married and began residing with his wife. In April 2018, the defendant's wife died in a car accident. In or about January 2023, the Sex Offender Registry Board in Massachusetts, based on a motion for reclassification submitted by the defendant, reduced his risk level from level three to level one.
In March 2023, the defendant filed a petition pursuant to Correction Law § 168-o(2) to modify his risk level classification from level three to level one in New York. Pursuant to Correction Law § 168-o(2), the Board of Examiners of Sex Offenders (hereinafter the Board) provided the County Court with its recommendation regarding the defendant's risk level. After a summary and analysis of the defendant's history since his initial risk level determination, the Board found "conclusive evidence to support that [the defendant] successfully had his classification level reduced in Massachusetts" to level one and observed that the amount of time he "resided in the community without any arrests or convictions for sex offenses or serious felonies cannot be ignored." Ultimately, the Board recommended that it "would not be opposed to a modification to a [l]evel [one]."
By order dated April 16, 2024, the County Court, after a hearing, denied the defendant's petition to modify his risk level classification. The defendant appeals.
"The objective of SORA is to evaluate a particular sex offender's risk of reoffense once he or she is released back into the community so that appropriate supervision and notification [*2]can be achieved" (People v Davis, 179 AD3d 183, 186). "'Correction Law § 168-o(2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification'" (People v Holley, 231 AD3d 1064, 1065, quoting People v Lashway, 25 NY3d 478, 483; see People v Wiggins, 180 AD3d 820, 821). In such circumstance, the sex offender bears the "burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o[2]; see People v Lamar, 235 AD3d 668, 669). "[T]he relevant inquiry regarding Correction Law § 168-o(2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Davis, 179 AD3d at 187 [internal quotation marks omitted]; see People v Anthony, 171 AD3d 1412, 1413).
Under the particular circumstances present here, including the evidence set forth in the Board's recommendation, the County Court should have granted the defendant's petition and modified his risk level classification under Correction Law article 6-C from risk level three to risk level one (see People v Jones, 216 AD3d 579, 580, lv granted 40 NY3d 909; People v Davis, 179 AD3d at 183-193; see generally People v Shader, 43 NY3d 129, 134).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court