People v Townsend
2026 NY Slip Op 03377
May 28, 2026
Court of Appeals
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,
v
Kenneth Townsend, Appellant.

Decided on May 28, 2026
No. 48

Nkechi N. Erondu, for appellant.
Anna Notchick, for respondent.

[*1]
MEMORANDUM:
The order of the Appellate Division should be affirmed, without costs.
This Sex Offender Registration Act (SORA) (Correction Law art 6-C) proceeding arises from defendant's conviction of persistent sexual abuse (see Penal Law § 130.53). In 2020, after twice being convicted of forcible touching (see id. § 130.52), and eight months after completing a prison sentence for an unrelated felony, defendant approached an adult stranger in front of Penn Station, squeezed her buttocks over her clothing without her consent, and fled. Defendant was sentenced to prison for this crime.
In anticipation of defendant's release, the Board of Examiners of Sex Offenders (Board) prepared a risk assessment instrument (RAI) assessing 65 points, yielding a presumptive risk level one classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines] at 3 [2006]). As relevant here, the Board recommended assessing the maximum 30 points under risk factor 9, which reflects the offender's "[n]umber and [n]ature of [p]rior [c]rimes," and the maximum 10 points under risk factor 10, which asks if the offender committed a prior "felony or sex crime . . . less than three years before the instant offense," excluding any "time during which the offender was incarcerated or civilly committed" (Guidelines, risk factors 9-10; id. at 14).
The Board further recommended an upward departure to risk level two, pointing to defendant's undisputed prior criminal history. The instant crime marked defendant's third sexual offense in less than eight years. In 2013, defendant pleaded guilty to forcible touching in satisfaction of the additional charge of sexual abuse in the third [*2]degree (see Penal Law § 130.55). In 2015, defendant pleaded guilty to forcible touching again, this time in satisfaction of the additional charges of endangering the welfare of a child (see id. § 260.10 [1]), sexual abuse in the third degree (see id. § 130.55), and harassment in the second degree (see id. § 240.26 [1]). This conviction "involved [defendant] engaging in sexual contact with a 15-year-old stranger victim" and resulted in defendant's adjudication as a level two sex offender under SORA. Defendant was also convicted of numerous other prior offenses, including attempted robbery in the first degree (a violent felony) (see id. §§ 70.02 [1] [a]-[b], 110.00, 160.15), attempted assault in the second degree (see id. §§ 110.00, 120.05), and several parole violations. In recommending an upward departure, the Board reasoned that defendant's criminal sexual "conduct was not deterred" "despite prior detection, sanction[,] and [SORA] registration," and that level two's more stringent registration requirements "more accurately reflect[ed] the total[it]y of his offense conduct."
At the ensuing hearing, Supreme Court adopted the Board's points assessment without objection and, at the People's request, granted an upward departure to risk level two. The court "readily and easily" determined that the "seriousness and extent of [defendant's prior criminal] history . . . very plainly [wa]s indicative of sexual recidivism," that defendant's recidivism risk and danger to the community were "extraordinarily high" to a degree that the Guidelines did "not adequately capture[ ]," and that the totality of the circumstances warranted an upward departure. The Appellate Division unanimously affirmed (see 233 AD3d 548 [1st Dept 2024]). We granted defendant leave to appeal (see 43 NY3d 907 [2025]).
SORA courts "may depart from" the RAI's presumptive risk level classification "if special circumstances warrant" (Guidelines at 4; see generally People v Gillotti, 23 NY3d 841 [2014]). The departure mechanism "recogni[zes] that an objective instrument" like the RAI, "no matter how well designed, will not fully capture the nuances of every case" (Guidelines at 4). Accordingly, "even where the law and the evidence warrant a particular risk level classification based on the defendant's [G]uidelines factor score," a court has discretion to depart from that classification if "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines" (Gillotti, 23 NY3d at 853, quoting Guidelines at 4). A SORA court's determination " 'expressly made under the proper evidentiary standard' and 'affirmed by the Appellate Division' " is reviewed by this Court for record support or an error of law (People v Sherlock, 44 NY3d 224, 230 [2025]; see People v Shader, 43 NY3d 129, 134 [2024]; People v Lashway, 25 NY3d 478, 483 [2015]).
Contrary to defendant's contention, an offender's prior criminal history can warrant an upward SORA departure in an appropriate case. Although such history is plainly a factor "of a kind" contemplated by the Guidelines under risk factors 9 and 10, an offender's atypical prior criminal history may be an aggravating factor "to a degree" for which the Guidelines inadequately account (Gillotti, 23 NY3d at 861).
This case proves the point. The timing, nature, and extent of defendant's three sex offenses and violent felony supply record support for the affirmed finding that defendant's prior criminal history was indeed atypical. Risk factor 9 relevantly assesses the maximum 30 points for a prior "violent felony, . . . misdemeanor sex crime, or endangering the welfare of a child, or any . . . sex offense" (Guidelines, risk factor 9 [emphasis added]). Defendant's prior conviction of attempted first-degree robbery, or either of his two prior convictions of forcible touching, would thus have each independently yielded 30 points under this factor. Defendant stood convicted of all three crimes, yet he was assessed the same number of points under this factor as a defendant previously convicted of just one of them. Likewise, risk factor 10 assesses the maximum 10 points for committing the instant offense within three years at liberty after committing a felony or sex crime. Here, defendant committed the instant offense after eight months at liberty following his commission of a prior felony, yet he was assessed the same number of points under this factor as a defendant who abstains from reoffending for more than four times as long. Given these facts, the lower courts did not err in concluding that risk factors 9 and 10 inadequately accounted for defendant's prior criminal history as an aggravating factor.
Order affirmed, without costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided May 28, 2026